H. L. Stone & Co. *v.* Kidder, Deshon & Co.

Every fraudulent device, contrivance or artifice, by which a creditor may have been injured, and from which a fraud upon his rights is practised, may be remedied by the action of creditors in avoidance of contracts, provided by the Civil Code.

Under arts. 1972 and 1973, C. C., the plaintiff is entitled to the alternative remedy, of either having the sale annulled, and the property applied to the payment of his demand ; or, judgment for his debt, against the possessor of the property.

APPEAL from the Fifth District Court of New Orleans, *Buchanan, J.  Warfield* and *Rand*, for plaintiffs.   *Benjamin* and *Micou*, for defendants. The judgment of the court was pronounced by

Eustis, C. J.   The plaintiffs, who are creditors of *Kidder, Deshon & Co.*, have brought this action against the latter, together with  *Victor F. Wilson* and *Wm. H. Simmons*, for the purpose of setting aside a sale of the steamship Fanny, purchased by *Wilson* and *Simmons*, at auction, on the 5th of July, 1849, in the city of New Orleans.

The action is called the revocatory action; and the petition asks, that on the setting aside of the sale of the steamer, she be re-sold, and the proceeds held liable to the plaintiffs' debt ; or in default thereof, that judgment be rendered against the defendants *in solido*, for the amount of the plaintiffs' debt, with interest and costs.

The plaintiffs recovered judgment against the defendants *in solido* for $600, with interest from the 9th of July, 1849, and costs of protest, &c.   From this judgment, *Wilson* and *Simmons* have appealed.

The action is based on the 1978th art. of the Code, which considers the attempt of one creditor to obtain an undue preference in the payment of his debt over other creditors of an insolvent debtor, as a constructive fraud; and compels the offending creditor to relinquish the advantages he has attempted to secure to himself, and restore those which he has received from the transaction. The judgment in this action, if maintained, is, that the contract be avoided, and that the property affected thereby, or its value, inure to the benefit of the plain-

tiff, to the amount of his debt. Code, 1972. Every fraudulent device, contrivance or artifice, by which a creditor may have been injured, and from which a fraud upon his rights is practised, is reached and remedied by this action. It appears, that in June, 1849, *Kidder, Deshon & Co.* put the steamship Fanny, belonging to them, into the hands of *Morphy* and *Nevius*, auctioneers, to be sold to the highest bidder, at public auction, for cash; with the understanding that the proceeds should be applied to the payment of certain of their creditors, of which a list was given to the auctioneers. The plaintiffs were on this list for the amount of their debts; and the appellants were privy to this arrangement. At the auction, the steamship was knocked off to *Wilson*, for himself and *Simmons*, for the sum of $9000, cash. Instead of which, $1369 50 only was paid in cash; the balance of the price, $7630 50, was received by the auctioneers, as cash, in certain claims of *Wilson* and of *Simmons*, against *Kidder, Deshon & Co.*, by the express direction of the latter. The cash paid went to refund an advance made by the auctioneers, and the expenses of the sale. *Wilson* and *Simmons* by this contrivance secured their debt, and the creditors of *Kidder, Deshon & Co.* are left unpaid.

The facts of this case, we think, furnish a sufficient ground for the plaintiffs' action ; provided the requisition of the code relative to actions of this class have been established by sufficient evidence.

*Kidder, Deshon & Co.* were merchants. They were protested on a draft of $500, on the 20th of April, 1849. They overdrew their account on the Mechanics' Bank, for the sum of $1678, early in May; and, notwithstanding the urgent demands of the bank, the account was not made good until the 29th of June following, when the amount overdrawn was deposited to their credit by *Simmons*, one of the appellants. The evidence, as to the assets of the firm to meet its debts, is entirely unsatisfactory; and we think its insolvency at the time of the sale of the steamer, to be established beyond question. We think it equally well established, that both of the appellants were cognizant of the embarrassments and insolvency of *Kidder, Deshon & Co.* at the time they attempted, by this purchase of the steamer, to secure an advantage over the other creditors.

The district judge considered the amount of the claims of *Simmons* and *Wilson*, given in payment by them, as not proved; with the exception of the amount of the overdraft made good by *Simmons*, in the Mechanics' Bank. We think it results from the evidence, that after paying the amount of these claims which have been proved, there remains a surplus sufficient to meet the demand of the two creditors, to wit, the present plaintiffs and *Partee*, who has instituted a suit similar to the present, and which is now before us. This surplus, under the art. 1972, the appellants cannot retain to the detriment of the complaining creditors.

Under the view which we have taken of this case, no more than a cursory notice is required of the appellants' bills of exceptions. The first related to the admission of evidence, to establish the agreement or understanding as to the sale of the steamer for the benefit of the creditors *pro rata*. The objection was, that the evidence tended to establish a different cause of action from that set forth in the petition. The court did not consider the evidence in that relation, but as relating to the knowledge, on the part of the appellants, of the condition of the affairs of *Kidder, Deshon & Co.*, the original intent or purpose of the sale, and the frustration of that purpose by the appellants.

STONE
v.
KIDDER.

The testimony objected to by the appellants, and received by the district judge, concerning the subsequent sale of the steamer at a profit, has not been considered in the conclusions to which we have been led by the other evidence.

The declarations and statements of *Deshon*, made out of the presence of the appellants, to establish the insolvency of *Kidder*, *Deshon & Co.*, objected to by the appellants, and noted in the second bill of exceptions, we have not considered as materially affecting the other evidence adduced, and have not been heeded by us. It is, therefore, not necessary to determine on their admissibility.

We find no error in the judgment of the district court, to the prejudice of the appellants. But the plaintiffs and appellees have, in their answer, asked that the judgment in their favor be amended, by decreeing, in the alternative, that the sale of the steamer be avoided, and that the appellants surrender her to the sheriff, to be sold to satisfy the plaintiffs' debt. After the institution of this suit, the steamer was taken under a writ of sequestration, issued at the instance of the plaintiffs; and under an order of court, was released and delivered to *Simmons*, on his bond with security. This sequestration has not been set aside, and must be considered as in force.

Under the articles of the Code, 1972 and 1973, we think the plaintiffs are entitled to the alternative remedy, under the prayer of their petition, for the avoidance of the sale. *Taylor* v. *Knox*, 2 L. R. 16. And the judgment must be amended accordingly.

It is therefore ordered, adjudged and decreed, that the judgment of the court below, in favor of the plaintiffs, and against *Kidder*, *Deshon & Co.*, be affirmed. It is further ordered, adjudged and decreed, that the sale of the steamship Fanny, made by *John J. Deshon* to *Victor F. Wilson* and *Wm. H. Simmons*, be avoided and annulled; and that they be, and are hereby, condemned to restore said vessel to the sheriff, within ten days from the filing of this decree in the district court, to be made liable to the plaintiffs' judgment. It is further ordered, adjudged and decreed, that the costs of this appeal be paid by the appellants.