No. 7830.

A. L. GUSMAN ET AL. VS. LÉOPOLD DEPORET ET AL.

A special power of attorney to prosecute a claim, does not empower the agent to defend and stand in judgment in a suit brought by the debtor for damages for slander and libel.

In an injunction suit to restrain the execution of a judgment, the plaintiff cannot plead and prove matters which were at issue and have been adjudicated upon in the original suit between the same parties, on the ground that new evidence has been subsequently discovered.

A defendant in execution cannot enjoin the sale of his property by the sheriff, on the ground that no valid seizure has been made of the same.

The defendant in execution, who complains that the sheriff has seized more property than necessary, must proceed under Article 652, C. P., and not by injunction, to have the seizure reduced.

It is no valid ground of injunction for the defendant in execution, that the sheriff has seized property which does not belong to him.

An attachment having been maintained, cannot be a legal cause of action for damages.

The seizing creditor, who has given no instructions to the sheriff for the keeping or administering of the property seized, cannot be held responsible for the illegal manner in which that officer discharged his duty.

APPEAL from the Fifth Judicial District Court, Parish of East Baton Rouge. *McVea*, J.

---

· *E. W. & S. M. Robertson* for Plaintiffs and Appellants :

When a new trial is granted, the writ of *fi. fa.* must issue upon the judgment rendered therein, and not upon the first judgment, although the two judgments may be similar.

Fraud is a valid ground of injunction, for fraud vitiates everything. Freeman on Judgments, section 99; Holland on New Trials, chapter 18, section 22.

Absence of actual seizure can, when coupled with other grounds, be legally alleged and proven as a cause for injunction before sale. 28 An. 60.

When the prayer of the petition is that the attached property be sold to satisfy plaintiff's claim, and the judgment rendered accordingly, and the writ of *fi. fa.* provides only for the sale of this property, the sheriff cannot proceed against other property until after the attached property has been exhausted by sale. 11 La. 445; 11 M. 246. This is specially true when two previous appraisements had shown the property to be worth twice the amount of the judgment.

The debtor being interested, as warrantor, that the seizure be made in accordance with his rights in the property, has the right to protect himself, by an injunction, from a forced assumption of warranty to a whole lot when he owns only one-half. 14 An. 108; 4 An. 293.

When the interest of the debtor has been divested by an anterior seizure, there is nothing left to seize; so that the debtor has the right to protect himself, by an injunction, from the fastening upon him of a warranty he cannot legally assume under the second seizure.

When the agent's power grants him "full and whole power, strength and authority in *all matters* pertaining to" several successions, and the principal becomes guilty of libel in a litigation relative to matters pertaining to these successions, the agent should be held empowered to receive citation in an action because of such libel.

The appearance of appellee, his joining of issue and general denial, cured the want of citation in case the power of his agent did not empower her to receive citation. 7 La. 393; 11 M. 20; 15 An. 86; 4 R. 193; 11 An. 326.

Appellee having judicially averred that he is "a citizen of Baton Rouge, State of Louisiana," cannot be heard to disclaim his residenceship in the Parish of East Baton Rouge. Constitution United States, Amendment XIV.

The appearance and pleading to the merits gave the court *a qua* jurisdiction over appellee, regardless of his residence or non-residence in the parish. 20 An. 195.

An action for slander and libel can be cumulated with one for an injunction. C. P. 148–151; 15 An. 491–621; 29 An. 507; 2 N. S. 323.

In an action for slander, malice is implied. 5 R. 101. And suit of damages is not necessary to recover. 3 An. 69; 11 An. 206; 27 An. 214. *Written* slander is justly considered more pernicious than that uttered by words. 27 An. 214.

Written publications defamatory of the dead arel libelous, and entitle the living children to damages.

In an attachment the sheriff is the agent of the attaching plaintiff, so that the latter is bound to see to it that the sheriff takes proper care of the property, and upon his failure to do so

Gusman et al. vs. DePoret et al.

is responsible to the defendant for all damages arising from the gross negligence and want of care of the sheriff.

A claim *ex contractu* on the attachment bond, against both the principal and surety, does not bar a subsequent claim for damages *ex delicto* against the principal alone.

When the plaintiff in injunction partially succeeds, and the court *a qua* orders the execution to be decreased by more than 20 per cent, and the defendant acquiesces in the order, the plaintiff, in law and equity, should not be mulcted in damages, much less in damages upon the decreased amount, and it is the duty of the appellate court, in case it finds the injunction otherwise wrong, to at least correct the injustice and remit all the damages. 29 An. 129; 30 An. 375.

### J. W. *Burgess* and *Favrot & Lawson* for Defendants and Appellees :

First—An unliquidated demand for damages cannot be opposed in compensation to a definitive judgment for a fixed sum of money.

Second—The power to an agent to stand in judgment for his principal must be express and special.   4 A. 61; 5 A. 117; 5 A. 562; 29 A. 363.

Third—An injunction cannot issue to stay execution on grounds which might have been pleaded in defense before judgment. 12 A. 5; 13 A. 374.

Fourth—Where the plaintiff, in execution of a judgment, does not interfere with the sheriff nor give him any orders in regard to property under seizure, the sheriff alone will be responsible for any injury sustained. C. P. 659; 11 A. 476; Monssieur vs. Zuntz, 14 A. 15.

Fifth—Issues passed upon before judgment cannot be revised by an injunction.

Sixth—The sheriff is not required to take actual possession of tenanted property. C. P. 657; 2 An. 157.

Seventh—Where a seizure is excessive, the defendant should not enjoin, but should apply for a reduction. C. P. 652; 29 An. 149.

Eighth—A want of accurate description of property is not a good ground for an injunction. 26 An. 156.

Ninth—The sheriff accounts for rents which come into his hands when he makes a final settlement. 29 An. 358.

The opinion of the Court was delivered by

POCHÉ, J.   In execution of a judgdment rendered in the suit of DePoret vs. Gusman et al., and affirmed by this Court in 30 An. 930, DePoret, the defendant in this case, obtained a writ of *fi. fa.*, under which plaintiff's property was seized by the sheriff.   Whereupon plaintiffs instituted the present suit for the purpose of enjoining said execution, and of recovering damages for the alleged illegal seizure of their property, cumulating therewith a demand for the rents of the same pending the seizure, and pending a preliminary attachment in the original suit; and also for deterioration of the property.   They also cumulated in the same suit an action for damages in the sum of fifteen thousand dollars for slander and libel, of themselves and of their deceased father, Gabriel Gusman, by the defendant.   DePoret being a resident of France, service of this suit was made on Mrs. W. Hearsey, his agent, residing in Baton Rouge.

Her first step was naturally to file an exception, urging that having been instituted by DePoret, as his special agent, with the express and limited power to collect and sue for his claim against these plaintiffs,

(which had been recognized in the judgment affirmed by this Court above referred to), she had no authority to appear for and represent him, especially in an action for damages, and she prayed that that part of plaintiffs' petition, alleging and praying for damages for slander, be stricken out.

This exception was overruled, but subsequently on the trial of the case on its merits, the court rejected all testimony offered by plaintiffs in support of the alleged damages on the grounds urged in the exception. Before proceeding to investigate the case on its merits, we must dispose of this vexatious question, involving the cumulation of an action for damages on slander and libel, with an injunction to stay the execution of a moneyed judgment.

We find it unnecessary to pass upon the right of cumulating two such actions, confessing, however, that the proceeding appears at least anomalous.

On examination of the power of attorney from DePoret to Mrs. Hearsey, we find that it clearly confines her mission, and limits her power to the enforcement of his claim against these plaintiffs, and our conclusion is that under the most extended and elastic construction, it could not be made to imply the power in his agent thus constituted, to represent him in any action instituted against him on a moneyed demand. To claim that under such a power the agent could be authorized to stand in judgment in a slander suit, would involve an interpretation of human language, under which it could be made to mean anything. 4 An. 61; 5 An. 117; 5 An. 562; 29 An. 363.

Therefore, the judge did not err in rejecting all that testimony, and to completely ignore that demand. The grounds on which plaintiffs base their injunction, are the following:

1st. That this Court had granted a rehearing from the decree affirming the judgment of the lower court in the suit of DePoret vs. Gusman et al.

2d. That the judgment in that cause had been obtained by fraudulent misrepresentations, and that DePoret was not the real owner of said judgment.

3d. That the sheriff had made no actual seizure of the property which he had advertised for sale under the *fi. fa.*

4th. That under the judgment and the *fi. fa.* in the suit of DePoret vs. Gusman et al., the sheriff was restricted in his seizure to the property originally attached in that suit, and that he had illegally seized other property of the defendants in execution.

5th. That Gusman, owning but one-half of lot 11, square 3, Devall town, the sheriff has illegally seized the whole of it in this execution.

6th. That the interest of Mrs. Garig, one of the defendants in the

lots seized, had previously been seized under a writ emanating from the parish court.

For answer the defendant filed a general denial, coupled with the plea of *res adjudicata*, as to several allegations in the petition which had been disposed of as matters of defense in the original suit, and reiterated the grounds of his exception as to want of authority in Mrs. Hearsey to stand in judgment in the slander suit, specially reserving his rights under his exception.

The judgment of the lower court was in favor of defendant, dissolving plaintiffs' injunction, and condemning them to pay to defendant $50 special damages for attorneys' fees, and ten per cent interest on $1075 from August 6th, 1878, crediting the writ with the sum of $185 for rents collected by the sheriff.

Plaintiffs have appealed, and defendant prays for an amendment of the judgment, with a view to an increase of the damages allowed him, and for damages for a frivolous appeal.

1. We are really at a loss to comprehend the meaning of the first ground of injunction urged by plaintiffs. While it is true that a rehearing had been granted by this Court from the decree affirming the judgment of the lower court, it is equally true that on said rehearing the former decree was left undisturbed. (See 29 An. 934). And from the record it appears that the decree of the Supreme Court was received and recorded in the District Court on June 19th, 1878, and that the writ of *fi. fa.* issued on the 3d of July following. Counsel for plaintiffs, while seriously urging this ground of injunction, have utterly failed to inform us, or to suggest what more could be exacted, in their opinion, from a plaintiff in execution; and we conclude that there is no force in the objection.

2. The second ground of injunction is equally untenable. The want of interest of DePoret in the claim against Gusman et al. had been put directly at issue in the original suit, and was very elaborately developed by Judge Spencer, the organ of this Court, in the opinion rendered in the case; and that adjudication did unquestionably set that issue at rest. There is no force in the suggestion by plaintiffs, that the issue now raised is supported by evidence discovered since the decision above referred to. Plaintiffs do not sue for the nullity of the judgment, and cannot be allowed to reopen one of the issues of the case in this collateral manner. The judge very properly rejected the testimony offered on that point.

If the latitude claimed by plaintiffs could be allowed, litigation would soon become interminable.

3. If, as alleged by plaintiffs, their property has not been actually

22

seized by the sheriff, we are embarrassed to discover their reasons for complaint.

The very object of the injunction is to restrain the performance of the very act which, under the allegation, has not been performed. If the sheriff has made no seizure in law, his sale will be null, and plaintiffs will not have been disturbed in their ownership and possession of the property which they are so zealously defending. Such a complaint does not lie in the mouth of the defendant in execution. 9 R. 182; 23 An. 550.

4. Plaintiffs' pretension that the sheriff was restricted in his seizure, both by the judgment and by the writ of *fi. fa.*, to the property attached in the original suit, is not borne out by the record. On examination we find that the judgment is a personal one for money, interests and costs, and maintains the attachment of Gusman's property. And we also find that the writ conforms with the judgment.

· If, as alleged, the sheriff has seized property in excess of the amount called for by the writ, the remedy of the party seized is not by an injunction, but he must have recourse to Art. 652 of the Code,of Practice, providing for a reduction of the seizure. 29 An. 149. But in no circumstance could the execution be stayed in its entirety, for the reason that the sheriff seized more property than was sufficient to satisfy the writ entrusted to him for execution. Plaintiff in execution cannot be made to suffer for the errors alleged to have been committed by the sheriff.

5. To the objection that the sheriff erred in seizing the whole of a lot of ground, one-half of which alone is owned by Gusman, the answer is that such an error, even if it were urged by the owner of the other half, could not stay the execution as to the whole lot; it could at most restrain the seizure and sale of so much of the property as does not belong to the defendant in execution.

But Gusman, who acknowledges that he does own one-half of the property thus seized, has no standing in court to champion the rights of the owner of the other half, who does not complain, as far as the record shows.

There is no force in the suggestion of plaintiffs' counsel that Gusman could, in the future, be held as warrantor for the whole lot, when in point of fact he owned but one-half of the same.

But, besides, it appears from the record that at a public sale for partition of the property belonging to the heirs of G. Gusman, this identical lot was adjudicated on the 5th of September, 1874, to A. L. Gusman, and we have been referred to no evidence showing that he had since parted with any portion of it.

6. There is no force in the sixth and last ground of injunction urging that Mrs. Garig's interest in the lots seized was then under seizure on a writ emanating from the parish court, in a different suit.

Nothing in our law prevents the execution of several writs of *fi. fa.* on the same property. And here again these plaintiffs undertake to champion the rights of third parties, who could alone complain in the premises.

Having thus carefully reviewed all the grounds on which plaintiffs rested their injunction, we conclude that the lower court did not err in ordering its dissolution.

The claim of plaintiffs against this defendant for damages caused to Gusman's property pending the attachment in the original suit, and for the negligence or malfeasance of the sheriff in omitting to rent the same, cannot be urged against the seizing creditor under these pleadings.

His attachment having been maintaind, he is certainly free of charge for any damages for having obtained it.

It is not alleged that he instructed the sheriff as to the manner of keeping or administering the property while it was in his possession, or that he in any way interfered with that officer in the discharge of his duty, and he, therefore, cannot be held responsible for the damages if any, caused "by the negligence, recklessness, or other illegal acts of the sheriff." 32 An. 1182; 11 An. 476; 14 An. 15; C. P. 659.

We do not feel justified to increase the damages allowed by the judge *a quo*, who seems to have done substantial justice to the parties.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court be affirmed with costs.