## No. 13,252.

### STATE OF LOUISIANA EX REL. WILLIAM SCHWAN ET ALS. VS. HON. A. C. ALLEN, JUDGE, ET AL.

#### SYLLABUS.

The sheriff having the custody of property seized under one writ, need not actually seize same under a subsequent writ, his having the second writ in his hands constituting an effective levy under the second writ. In such case an injunction taken out afterward to prevent a second seizure, will be unavailing to prevent this constructive seizure having its legal effect.

APPLICATION for Writs of *Certiorari*, *Mandamus* and Prohibition.

---

*Buck, Walshe & Buck, Milling & Sanders*, and *Charles A. O'Neill*, for Relators.

---

Respondent Judge *pro se*.

---

*D. Caffery & Son, Placide P. Sigur, Philip H. Mentz, J. Sully Martel*, and *Wilson & Mayer*, for the Other Respondent.

State ex rel. Schwan et als. vs. Judge et al.

The opinion of the court was delivered by

WATKINS, J.   The relators, William Schwan, Odille Moreira and Julia Moreira were named as the universal legatees in the will of Valentine Schwan and it having been probated, they were put in possession of the property of the testator—they having unconditionally accepted his succession.

Subsequently, the brothers and sisters of the deceased and particular legatees, filed a suit against the aforesaid universal legatees in possession, mainly on the ground, that they were legally incapacitated from receiving said bequest; and their prayer was that the will be annulled and the estate given to them as the heirs at law of deceased.

The petitioners accompanied their petition with a demand for a sequestration of the movable property thereunder which was valued at $60,000, and same was sequestered into the possession of the sheriff, the writ having issued without bond.

The relators herein were cited as defendants, and they appeared in said cause and moved to have the sequestration set aside; and, upon a contradictory hearing, it was so ordered.

Thereupon, the plaintiffs applied for and obtained an order of appeal to this court, and gave bond.

Seeking to avoid the effect of said appeal and to obtain an immediate release of their property (1) because no appeal will lie in such case; (2) that if it is subject to revision by appeal, the appeal taken was devolutive, and did not prevent the execution of the order of court dissolving the writ, said defendants applied to this court, in the exercise of its supervisory jurisdiction, to so decide.

State *ex rel.* William Schwan *et als.* vs. Hon. A. C. Allen, Judge, and Paul Pecot, Sheriff, 51st Ann., 1842.

But the relators' application was denied and the effect of our judgment was to leave matters in *statu quo.*

It having come to the knowledge of the plaintiffs in that suit that the sheriff intended to treat said appeal as devolutive, and to release the property from seizure, they applied to the district judge for a writ of injunction to restrain his action in the premises; but he declined to grant the same "on the ground that he had no jurisdiction over the " subject-matter, the whole of which was before the Supreme Court."

Thereupon, they applied to this court in the exercise of its supervisory jurisdiction to grant them a writ of prohibition against the judge and sheriff to prevent them from causing the property seques-

tered to be released from seizure, pending said appeal, and for a writ of *mandamus* to compel the judge to grant an injunction as prayed for restraining the sheriff from releasing the property from seizure.

State *ex rel.* Ludwig Schwan *et al.* vs. Hon. A. C. Allen, Judge, and Paul Pecot, Sheriff, 51st Ann., 1889.

The relators' application was denied, on the ground that the respondent judge could not have granted "an injunction against the " sheriff from complying with his own order as it was written, and so " long as it remained unchanged." But this court, in its opinion, said, that, under the circumstances stated, the respondent judge was " entitled to fix the amount of the bond for a suspensive appeal."

The two opinions of this court that we have cited, give a full *resume* of the facts that are germane to the instant controversy—the relators in the former being the relators herein, and the defendants in the action to annul the will; and the relators in the latter being the plaintiffs in said action and the appellants from the order dissolving the writ of sequestration.

Referring to the former proceeding on their part, relators, in the instant case aver, that before the judgment of this court became final by being transmitted to and filed in the district court, an application was made by three of the aforesaid plaintiffs and appellants, to the district judge for a second order of sequestration, and that same was entertained and granted by said judge upon said petitioners furnishing bond in the sum of $5,000, and thereunder, the sheriff was commanded to sequester the property the second time.

The relators complain of this application having been entertained and granted during the pendency of the said proceedings, and the aforesaid appeal, and of their rule on the sheriff to show cause why he should not release said property from seizure.

That immediately after the said second sequestration was granted, and before any seizure had been made thereunder, they sued out an injunction, restraining and prohibiting the sheriff from executing said order; and same was immediately served on the sheriff. That on the following day, the aforesaid rule on the sheriff to show cause, etc., came on for trial, and upon deciding same, the judge held, that the sheriff had no right to hold the property under the first order and writ of sequestration that had been dissolved, but that he must hold it under the second order and writ of sequestration; and he, thereupon refused to order the property surrendered, and notwithstanding their

injunction—the judge holding that the poceedings then pending in this court on the petition of relators was an admission that the property was still in the keeping and legal custody of the sheriff, and was necessarily so at the time the second order of sequestration was granted; and the property being in *custodiam legis,* no further seizure or taking possession was necessary, and that the relators' injunction against the second sequestration had accomplished nothing.

Relators aver that the second order of sequestration issued on a bond entirely too small in amount, and same, if executed, will cause the sheriff to seize $50,000 worth of property, of which about one-half is of a perishable nature and liable to waste and deteriorate in value.

That the action of the respondent judge in thus refusing to order the sheriff to surrender the property to them, and granting the aforesaid second order of sequestration without sufficient bond, and thus attempting to perpetuate the illegal and tortious possession of the sheriff, "is unwarrantable, oppressive and illegal," on his part, and works them great and irreparable injury—stating with great circumstantiality, the manner in which damages will be inflicted on them.

The respondent judge makes an extended return in which he deals with all the complex details of this remarkable litigation, but there are two points made therein which strike our minds with great force, and they are (1) that his order granting the second writ of sequestration, did not violate the first writ of prohibition of relators', because the decision of this court refusing to make said writ peremptory, had become final prior to the signing of said order, and he had been so advised at the time the petition was presented to him; (2) that when the property is already in the possession of the sheriff under one writ, the placing in his hands of a second writ for the seizure of the same property, operates as a seizure under the second writ.

Without elaborating all the various points made *pro et con,* we may, with safety say, that those stated are the crucial questions for us to decide; for, if in point of fact, the second order of sequestration was granted after our judgment refusing relators' prohibition became final, those proceedings did not render the same void or inoperative; and if in point of law, the mere issuance of a second writ and placing the same in the hands of an officer holding property under seizure under a prior writ, operates as a legal seizure without a formal taking possession under the second writ, then the respondent judge's return seems to be perfectly conclusive.

The relators' prohibition proceedings in the original case, were only intended to prevent further action of the judge and sheriff in respect to the latter *retaining* possession of the property on the grounds which have been already stated; and, in our opinion, they constitute an admission of the sheriff's possession of the property at the time they obtained the preliminary order for the issuance of a writ of prohibition, and which operated as a stay of proceedings in the premises.

That being the case at the commencement of the litigation, necessarily, that condition of things continued to exist until it became legally terminated by the finality of the judgment of this court refusing to make the provisional writ peremptory.

Not only so, but one of the principal grounds that is relied upon by relators in *this* suit, is the claim that the respondent judge acted prematurely and immediately in granting the second writ of sequestration during the pendency of their former suit, in open and flagrant disregard of the restraining order of this court, the object of which was to preserve and maintain the existing *status quo*.

Failing in this object, to have this court declare that the aforesaid appeal was only a devolutive one, and that the order of the respondent judge dissolving the first writ of sequestration was executory, and that the sheriff should surrender the property into their custody and possession, relators were left in the same situation that they occupied when they first sought relief through the exercise of the supervisory jurisdiction of this court; that is to say, with the property in the possession of the sheriff.

But the fact appears to be that, at the moment of time when the decree of this court had become final, and the restraining order of this court had been withdrawn, the respondent judge granted the second writ of sequestration and the writ was placed in the sheriff's hands— the property being still in *custodiam legis*.

We are of the opinion that under these circumstances, the respondent judge had undoubted authority to grant the second writ of sequestration in the exercise of the sound legal discretion the law vested in him *ex virtute officii;* and that it was of no consequence that the sheriff had, or had not retained possession of the property under the writ that had been dissolved.

That order having been granted, the writ of sequestration issued as a matter of course by the clerk, and it was at once placed in the sheriff's hands for execution; but it became executed *ipso facto*, the

moment it was placed in the hands of the sheriff, as he had the property already in possession under the first writ.

That, as a matter of fact, is undoubted and undenied. The law does not contemplate the doing of a vain thing, that is, to require an officer to make an actual, tangible seizure of property he has under seizure and in possession under a writ previously issued.

His possession under one writ operates as a constructive seizure and possession under any and all writs against the same party defendant which may come into his possession afterwards.

If this were not the case, inextricable confusion would unavoidably arise, as it would be necessary for the sheriff in order to carry out the theory contended for, to take the property seized under the first writ into actual possession again under the second writ; and so on, indefinitely throughout a series of attachments, sequestrations and executions.

The result would be that the sheriff would have actual possession under the last writ instead of the first one.

This question has been frequently decided; and in Patterson vs. Spaulding, 5 Ann., 171, this court held that when property has been seized under one writ, and the sheriff subsequently receives the second, the first levy is sufficient for both writs, "and that the *receipt* of the second is a constructive levy. If the first writ is superceded, the property may be held under the second."

The same principle was applied by this court in Chaflin vs. Feibelman, etc., 44th Ann., 518. Under this view of the case, relators' injunction against the second writ of sequestration accomplished nothing, because when the order of injunction was granted and the sheriff prohibited from *making* a seizure, the seizure thereunder had already become effective by the receipt thereof by the sheriff; and the effort to restrain by an injunction, the legal effect of the writ in his hands, was vain and nugatory.

But the contention of relators is, that as the sheriff's possession was, in their opinion, illegal, because he claimed to hold under the first sequestration which has been dissolved, there must needs have been an actual tangible seizure under the second, to make same available; and that same was prevented by their injunction.

That in their view, the possession of the sheriff was one of force and duress, and not by virtue of the custody the law had given him.

That contention is for all practical purposes the same as the one

this court has already decided adversely; for, to reach the conclusion that the sheriff's possession is illegal, would be to traverse and decide questions we have declined to decide—as the legality of the sheriff's possession under the first writ can not be determined until the character of the first appeal has been decided.

Therefore, this court must assume for the purpose of this discussion that the sheriff's possession is to be taken for what it purports to be, the custody of the law; and, hence, the seizure under the second writ became effective the moment it came into his hands.

We are of opinion that we can not consider the question of the alleged inadequacy of the bond in amount, because it is not the province of this court to examine and decide such questions in the exercise of its supervisory power.

Having carefully considered all the claims of the relators, we have reached the conclusion, that the case stated does not entitle them to the relief demanded.

It is therefore ordered and decreed, that the preliminary writs be annulled and set aside; and it is further ordered and decreed that the relators' demands be refused at their cost.

Rehearing refused.

MONROE, J., dissents.