(129 So. 522)
### CONTINENTAL SUPPLY CO. v. HOELL et al.
No. 30257.

June 2, 1930.

Cook & Cook, of Shreveport, for appellants.

Foster, Hall, Barret & Smith, of Shreveport, for appellee.

O'NIELL, C. J.

This is a revocatory action, brought by a creditor of J. H. and J. A. Williams, to annul a judgment obtained against them by their brother-in-law, Dr. F. A. Hoell, on their confession of judgment, in so far as the judgment affected the rights of the plaintiff in this suit, as a creditor of J. H. and J. A. Williams. The suit is founded upon articles 1969 and 1970 of the Civil Code, declaring that a creditor has a right of action to annul any contract made by the debtor in fraud of the creditor's rights, or any act done by the debtor with the intent to deprive the creditor of the eventual rights which he has upon the property of the debtor.

The plaintiff, Continental Supply Company, held two judgments against J. H. and J. A. Williams, one of the judgments being for $4,868.42, with interest and attorneys' fees, and subject to two credits amounting to $816.88, and the other judgment being for $18,449.40, with interest and attorneys' fees, and subject to a credit of $1,044.99. The first judgment was obtained on the 12th of May, and the second on the 23d of May, 1928. The suits in which the judgments were obtained were filed on the 23d of April, 1928. The suit in which Dr. Hoell obtained the judgment complained of in this suit, for about $11,225, with interest and attorneys' fees, was filed on the 12th of May, 1928, the day on which the plaintiff in this suit obtained its first

judgment against J. H. and J. A. Williams. They waived all delays and confessed judgment in favor of Dr. Hoell, and the judgment was rendered and signed immediately; and on the same day a writ of fi. fa. was obtained by Dr. Hoell, under which the sheriff seized all of the property of J. H. and J. A. Williams, consisting of their interest in an oil lease, and the drilling machinery, derricks, piping and equipment on the leased land. The claims on which the Continental Supply Company had obtained its judgments against J. H. and J. A. Williams were for the price of the drilling machinery, piping and equipment, which the Continental Supply Company had sold to J. H. and J. A. Williams, and on a part of which the company had a chattel mortgage and vendor's lien to secure the amount of the larger judgment, and on another part of which the company had a vendor's lien to secure the amount of the smaller judgment. The company therefore had sequestered all of the machinery and equipment, except a small amount of piping and tubing which the company had no lien on; and the sequestered property was under seizure under the writ of sequestration when the sheriff levied the seizure under the writ of fi. fa. which Dr. Hoell obtained. The property being advertized for sale by the sheriff under the writ of fi. fa. to satisfy Dr. Hoell's judgment against J. H. and J. A. Williams, the Continental Supply Company, as plaintiff in this revocatory action, obtained a writ of injunction and arrested the sale. The company then obtained writs of fi. fa. on its judgments against J. H. and J. A. Williams, and the sheriff again seized all of their property, which, after being duly advertised, was sold by the sheriff, and bid in by or for the Continental Supply Company in part satisfaction of its judgments against J. H. and J. A. Williams. The sale was made and completed

before the defendants, Dr. F. A. Hoell and J. H. and J. A. Williams filed their answer to this revocatory action. In their answer they denied that there was any fraud or fraudulent intent on their part, or intent on the part of Dr. Hoell to obtain, or of J. H. or J. A. Williams to give him, an unfair preference, in confessing judgment for the amount which they owed him, and averred that the confession did not give him a preference because the promissory notes which he sued on were secured partly by a mortgage on an eighth interest in the oil lease and partly by a mortgage on a sixteenth interest in the lease. They averred that the sheriff's sale of the property of J. H. and J. A. Williams to the Continental Supply Company, during the pendency of the revocatory action, was null, not only because the sheriff had no right to sell the property under a second seizure while the first seizure, levied by Dr. Hoell, was arrested by the injunction, but also because of certain alleged irregularities in the appraisement and in the matter of the certificate of mortgages on the property. They prayed that the demand of the Continental Supply Company should be rejected, that the injunction should be dissolved, and that Dr. Hoell should have judgment, as plaintiff in reconvention, against the Continental Supply Company, for the amount of Dr. Hoell's judgment against J. H. and J. A. Williams, approximately $11,225, with interest and attorneys' fees. They prayed, alternatively, that, if the court should not grant the relief first prayed for, then that Dr. Hoell's conventional mortgages on the oil lease and equipment should be recognized and enforced, and that the property should be resold by the sheriff to satisfy the mortgages.

The district court gave judgment in favor of the plaintiff, Continental Supply Company, perpetuating the injunction, annulling Dr. Hoell's judgment against J. H. and J. A. Williams, and the seizure levied thereunder, as far as it affected the rights of the Continental Supply Company, and rejecting Dr. Hoell's reconventional demand for a judgment against the Continental Supply Company, and his alternative demand for recognition of a mortgage on three-sixteenths of the oil lease. The defendants have appealed from the decision.

The judgment annulling the judgment which Dr. Hoell obtained against J. H. and J. A. Williams by their confession, in so far as the judgment affected the rights of the Continental Supply Company, is correct. There was perhaps no actual fraud or intention to commit a fraud, in the ordinary meaning of the word; but the fact is that Dr. Hoell knew that suits for large sums had been filed against J. H. and J. A. Williams, that they were insolvent, and that the effect of his obtaining a judgment against them by confession and immediately seizing their property would be to give him an advantage over other creditors of J. H. and J. A. Williams. The law stamps such a transaction as a constructive fraud. Article 1984 of the Civil Code declares that any transaction between a debtor and creditor which gives the creditor an advantage over other creditors of the common debtor "shall be deemed to have been made in fraud of creditors" if the creditor in the transaction knew that the debtor was insolvent.

In Muse v. Yarborough, 11 La. 531, it was said:

"But if it be true, as alleged, that the confession of judgment which forms the basis of all the subsequent proceedings, was collusive and fraudulent, either because no debt was really due, or because the intention was to give to Yarborough an undue preference

over other creditors, and that all the parties were conversant of the facts, then looking to the substance rather than forms, we may conclude that the employment of the sheriff and an execution was merely a species of machinery by which a fraudulent alienation was to be effected. It is sufficient to inquire into the character of the judgment confessed, for if that was fraudulent, all the proceedings founded upon it were null and void between the parties; for, in the eye of the law, no difference exists between a voluntary conveyance of property for fraudulent purposes, and such an alienation disguised under the forms of judicial proceedings."

In Marx v. Meyer Bros., 50 La. Ann. 1241, 23 So. 923, 927, it was said:

"The law of Louisiana does not recognize 'preferred' creditors. It mercilessly reprobates all unfair preferences by which an insolvent debtor seeks to give one creditor an advantage over another. And it declares that, a debtor's property being the common pledge of his creditors, every act, device, or machination by which they are prejudiced may form the subject of the revocatory action. Rev. Civ. Code, art. 1969. The fact that the machinery of the law and of the courts is used to effectuate the fraudulent purpose aggravates the offending. Newman v. Baer & Levy, 50 La. Ann. 323, 23 So. 279; Prats v. Creditors, 5 Rob. (La.) 288; Stone v. Kidder, 6 La. Ann. 552; Muse v. Yarborough, 11 La. 530; Haas v. Haas, 35 La. Ann. 885."

In Minge & Co. v. Barbre, 51 La. Ann. 1290, 26 So. 180, 182, it was said:

"It may, with truth, be said that, for a debtor to give a preference to one creditor over another, is not in itself wrong, and is not fraud in a moral sense, since it is permitted in many of the states of the Union;

but that does not help the matter so far as this case is concerned. With us, the property of the debtor is the common pledge of his creditors, and any arrangement, whether through the machinery of the courts or otherwise, whereby the debtor unites with one creditor to give such creditor an advantage over others, is in violation of the prohibitions of the law, and will not be permitted to stand."

In Bank of Patterson v. Urban Co., 114 La. 788, 38 So. 561, where the insolvent debtor did not confess judgment, but filed an answer to the suit and consented to a quick trial so that the suit culminated in a seizure levied seven days after the suit was filed, it was held:

"Such a preference is a 'constructive fraud,' and is prohibited, whether operated through the machinery of the courts or otherwise. There is an 'unfair preference' where the creditor knew or had good reasons to know that the debtor was insolvent and the transaction gives the creditor any advantage over other creditors."

Appellant's counsel contend that the confession of judgment in this instance did not give Dr. Hoell an advantage over other creditors of J. H. and J. A. Williams, because Dr. Hoell already had a mortgage on three-sixteenths of the oil lease and an assignment of three-sixteenths of the oil run from the lease; and it is contended that the mortgage on the three-sixteenths of the oil lease affected also the drilling machinery and equipment, as an immovable by destination, on which machinery and equipment the Continental Supply Company had a vendor's lien and chattel mortgage. If Dr. Hoell had brought an executory proceeding for the foreclosure of his mortgage, the proceeding would not have given him any greater advan-

tage over other creditors of the mortgagors than the mortgage itself gave. But the personal judgment which he obtained by the confession of the debtors, and the resulting seizure of their property which was not affected by the mortgage, would have given him an unfair advantage over other creditors of J. H. and J. A. Williams, if the Continental Supply Company had not sought to protect its rights. Dr. Hoell's mortgage affected only three-sixteenths interest in the oil lease; and, if it affected the machinery and equipment, as a part of the lease, it affected only three-sixteenths of the machinery and equipment; whereas Dr. Hoell seized all of the machinery and equipment on the lease, and in fact everything belonging to J. H. and J. A. Williams. The judgment obtained by confession, therefore, would have given Dr. Hoell an unfair advantage.

■ Appellant's next ·complaint has reference to his alternative demand, that his mortgage on the three-sixteenths of the oil lease, and the assignment of three-sixteenths of the oil run, should be recognized. The record shows, and it is admitted, that, while this suit was pending, the lessor of J. H. and J. A. Williams sued to annul the oil lease and obtained judgment against them by default, annulling the lease. The annullment of the lease annulled all mortgages granted by the lessees on the lease. Act 232 of 1910, p. 393. Hence it was not possible for the court, in the judgment annulling Dr. Hoell's judgment, to recognize or reinstate the mortgage which formerly secured the debt, or part of the debt, on which the judgment was obtained.

■ Appellant's third complaint is that the district court did not recognize his lease on the machinery and equipment on the leased premises. For the purpose of this complaint, appellants' counsel concede, for the sake of argument, that his mortgage on the lease was annulled by the judgment obtained by the lessor, annulling the lease itself; but it is contended that the mortgages remained in favor of Dr. Hoell on the machinery belonging to the lessees, J. H. and J. A. Williams, on the leased premises. The acts of mortgage (there being one on one-sixteenth and another on one-eighth interest in the lease) do not expressly affect any machinery, equipment or other property on the leased premises. Dr. Hoell did not have a chattel mortgage on the machinery or equipment on the leased premises. If he had a mortgage at all on three-sixteenths of the machinery and equipment, it was only as a legal consequence of his having a mortgage on three-sixteenths of the lease; and therefore, when the mortgage on the lease was annulled by the annullment of the lease itself, the mortgage could not remain in effect against anything on the leased premises.

■ Appellant's fourth contention is that, while the property was under seizure under the writ of fi. fa. issued on his judgment against J. H. and J. A. Williams, it was unlawful for the sheriff to seize and sell it under the fi. fa. issued on the judgment of the Continental Supply Company. In support of the argument, counsel for appellant cite Denton v. Woods, 19 La. Ann. 356, where the syllabus seems to support the argument, but the decision itself holds merely that, where property is seized at the instance of a lienholder, and, while that seizure is pending is seized and sold at the instance of a creditor having no lien, the sale does not divest the first seizing creditor of his lien. Counsel for appellants cite also Henry v. Tricou, 36 La. Ann. 519, but the ruling in that case was virtually the same as ·in Denton v. Woods, viz.: "Property in the possession of the sheriff under a legal writ at the instance of a judgment and privileged creditor cannot be

seized and sold to the injury and detriment of such creditor. All that can be seized are the rights and interest of the debtor subject to the pre-existing execution." In Gusman v. De Poret, 33 La. Ann. 338, it was held that property held under seizure at the instance of one creditor might be seized and sold at the instance of another, viz.: "There is no force in the sixth and last ground of injunction urging that Mrs. Garig's interest in the lots seized was then under seizure on a writ emanating from the parish court, in a different suit. Nothing in our law prevents the execution of several writs of fi. fa. on the same property." See, also, Code of Prac. art. 723; Patterson v. Spaulding, 5 La. Ann. 171; State v. Allen, 52 La. Ann. 573, 27 So. 85.

Dr. Hoell's fifth complaint is that the district court should have given him a judgment for three-sixteenths of $7,487.51 for the oil run from the lease during the first three months of the year 1928, before the lease was canceled. It appears that the lease was operated during those three months by the district manager of the Continental Supply Company, under some arrangement by which he acted as trustee for the creditors of J. H. and J. A. Williams. The testimony shows that there was no profit from the lease during those three months. The receipts were $7,487.51, but the disbursements were $7,673.48. Besides, no claim was made by Dr. Hoell in his reconventional demand in this suit for three-sixteenths of the oil run from the lease.

Appellant's complaint that the sheriff's sale, made under the fi. fa. issued on the judgment of the Continental Supply Company against J. H. and J. A. Williams, was null because of irregularities in the appraisement of the property and in regard to the certificate of mortgages, is not well founded. The proceedings in that respect appear to

have been regular. Besides, there was no prayer in Dr. Hoell's reconventional demand for annulment of the sheriff's sale. On the contrary, he claimed damages to the extent of approximately $11,225 in consequence of the sheriff's sale and resulting conversion of the property on which Dr. Hoell claimed a mortgage. A demand also for annullment of the sale, except as an alternative demand, would have been inconsistent with the demand for the $11,225 for conversion of the property; and no such alternative demand was made.

Our conclusion is that the judgment appealed from is correct.

The judgment is affirmed.