No. 818

First Circuit

———

KIRTMAN v. UPKINS ET AL.

———

(June 30, 1931. Opinion and Decree.)

———

C. J. Boatner, of Franklin, attorney for plaintiff, appellant.

Brumby & Bauer, of Franklin, attorneys for defendants, appellees.

LeBLANC, J. Plaintiff appeals from a judgment in the district court which dismissed her demand on an exception of no cause or right of action.

Her suit is to have the court decree her to be the owner of a parcel of land situated in the town of Patterson in the parish of St. Mary, which she avers the defendant Susie Sims, and her husband, Sam Upkins, are illegally and unlawfully occupying without any right, title, or interest therein.

Plaintiff's alleged ownership of the property is derived through an act of donation duly accepted by her from her sister, Henrietta Williams, executed in authentic form on November 3, 1927, before W. K. Wilson, notary public, and duly recorded in the records of St. Mary parish, which act, through a certified copy attached, is made part of the petition.

The act of donation on its face shows that it was gratuitous, having been made as therein stipulated, "in consideration of the natural love which" the donor had for her sister, the donee. In her petition, however, plaintiff refers to it as being an onerous donation, and makes additional averments under which it might be construed as being remunerative, as she alleges that an additional consideration to that expressed was the fact that she had been caring for her sister and providing her with money and other necessities.

It was because of the variance between the allegations thus made and the recital in the act of donation that the district judge sustained the exception of no cause of action.

Had plaintiff not called the donation onerous in her petition, and had she not alleged facts indicating that it may be remunerative, it would seem that she could have supported her claim to the ownership of the property on the act as it is written. She alleges that the donation was duly accepted, which allegation must be taken for true in considering the exception of no cause of action, and she also includes in her petition as a consideration, among others, the one that is expressed in the act, namely, the natural love which the donor had for her, the donee. Although love and affection are not sufficient consideration to support a sale, they do express a valid consideration in an act of donation inter vivos. Loranger v. Citizens' Nat. Bank of Hammond, 162 La. 1054, 111 So. 418.

The real question presented then may be stated as follows: Is the plaintiff to be penalized to the extent of having her suit dismissed on an exception because in referring to an act of gratuitous donation which she annexes to, and makes part of, her petition, which act is apparently valid, she erroneously designated it as being an onerous donation? Counsel for the defendants contend that her averments are at variance with the recitals of the act, and we are referred to several decisions which hold that, where allegations of a petition contradict and destroy the effect of other recitals, the petition discloses no cause of action. That no doubt is a sound legal proposition, and has often been applied in construing matters of pleading. But there is also another familiar rule which must not be lost sight of in considering the pleadings in this case, which is to the effect that, in case of conflict or variance between the allegations of a petition and the recitals in a deed or document attached thereto as forming part thereof, the statements in the document control and correct the allegations in the petition. John Bonura & Co. v. United Fruit Co., 162 La. 53, 110 So. 86; Ducre v. Milner, 165 La. 433, 115 So. 646. The rule invoked by counsel applies in cases where the conflict is between the allegations of the petition proper, either of which may control in determining the cause of action. In this case, there can be no question but that the recitals in the annexed deed must prevail, and any contradictory allegations in reference thereto in the petition must yield and stand corrected.

The legal effects of the gratuitous act of donation annexed to plaintiff's petition could not be changed by the erroneous declaration in the petition that it was onerous or remunerative. If, as an act of donation, apparently valid, it was sufficient, by the alleged acceptance of the donee, to transmit the ownership of the property, all of the mistaken averments in the petition could not destroy its legal effects. Those averments might be treated as surplusage, and, the validity of the act of donation being conceded, the plaintiff could still recover under the other allegations and the prayer of her petition.

In the case of Loranger v. Citizens' Nat. Bank of Hammond, 162 La. 1054, 111 So. 418, 420, on which the district judge seems to have relied in sustaining the exception of no cause of action, it appears that a creditor had obtained a judgment against a married man who had a few months prior to the recordation of the judgment placed upon the public records an act purporting

to be a conveyance of certain property to his wife. Upon the property being seized under the creditor's judgment, the wife enjoined the sale on the ground that she was the owner thereof. Testimony was offered tending to show that, at the time the sale was executed, the parties really intended that it should be a donation inter vivos, but, as the notary did not have the proper form to execute a donation, he used in lieu thereof an ordinary form for a cash act of sale. It was observed at once that the court was dealing with a sale of property between husband and wife which was in contravention of a prohibitory law, and that the effect of parole evidence sought to be introduced would change the very nature of the contract itself, indirectly converting an absolutely null and void contract into a valid one which would transfer the title of the property from the husband to the wife. Of course, it was held that that could not be done. "To resort to such evidence for the purpose of contradicting or varying the contract entered into," said the court, "in order to substitute in its place a contract of a dissimilar nature, is plainly reprobated by the textual provisions of our Code." We fail to find what application of the holding of the court in that case can be made here, where we have before us an act of donation which is not null and void on its face, but on the contrary, is apparently valid in every respect, and under which the ownership of the property demanded might properly have been transmitted. It is the controlling factor in this case so far, notwithstanding plaintiff's misconception of its real character, and, taken in connection with the prayer of the petition demanding ownership of the property under it, is sufficient to support a cause of action.

We conclude that the judgment of the district court sustaining the exception of no cause or right of action and rejecting plaintiff's demand was erroneous, and it is now ordered that the same be annulled, reversed, and set aside, and it is further ordered that the case be remanded to the district court to be proceeded with according to law, costs of this appeal to be paid by the appellee, and all other costs to abide the final judgment in the case.