184 So.2d 570 (1966)
Edward KINARD et al., Plaintiff and Appellant,
v.
CITY OF JENNINGS, Defendant and Appellee.
No. 1673.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1966.
Bass & Lawes, by Eugene H. Lawes, Lake Charles, for plaintiff-appellant.
*571 Grenese R. Jackson, Jennings, for defendant-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
CULPEPPER, Judge.
Mr. and Mrs. Edward Kinard filed this suit against the City of Jennings for damages sustained when their automobile, being driven by Mrs. Kinard, struck a manhole which allegedly protruded 6 inches above the gravel street. The district judge sustained defendant's exception of no cause of action and dismissed plaintiffs' suit. Plaintiffs appealed.
It is well settled that in considering an exception of no cause of action all well pleaded facts in plaintiff's petition must be accepted as true. Also, if a cause of action can be shown by any evidence admissible under the allegations of plaintiffs' petition, the exception must be overruled. Elliott v. Dupuy, 242 La. 173, 135 So.2d 54 (1961); Steagall v. Houston Fire & Casualty Insurance Co., 138 So.2d 433 (3rd Cir. 1962).
The sole issue on appeal is whether plaintiffs' petition sufficiently alleges a cause of action against the city under the applicable law. As an exception to the general rule of government immunity from tort liability, our jurisprudence is established that a municipality is liable for defects in its streets where such defects are (1) unusually hazardous or trap-like, even to a person using ordinary care, and (2) where the municipality had either actual or constructive notice of the defect and failed to correct it in a reasonable time. White v. City of Alexandria, 216 La. 308, 43 So.2d 618; Parker v. City of New Orleans, La. App., 1 So.2d 123; Cobb v. Town of Winnsboro, La.App., 49 So.2d 625; Foster v. Employers Liability Assurance Corporation, Ltd., La.App., 129 So.2d 913; Bond v. City of Baton Rouge, La.App., 129 So.2d 887; Toppi v. Arbour, La.App., 119 So.2d 621; St. Paul v. Mackenroth, 246 La. 425, 165 So.2d 273.
With this understanding of the law in mind, let us examine plaintiffs' petition. It is alleged that on the night in question Mrs. Kinard "* * * while driving the community automobile, struck a manhole cover that was protruding out of the street a distance of about 6 inches." The following specific acts of negligence on the part of the city are alleged:
"a. Failure to keep the highways of the city in a reasonable safe condition for travel.
"b. Failure to repair the highway when it knew or should have known that the defect existed.
"c. Failure to place sufficient gravel on the road to prevent the protrusion of the manhole cover.
"d. Failure to make proper inspection of the roadways in order to ascertain the condition thereof.
"e. Failure to warn the public of the defect in the roadway when they knew or should have known that it was there."
The first issue is whether these allegations sufficiently allege an unusually hazardous and trap-like condition. As stated above, the general test here is whether the condition was reasonably safe for a person exercising ordinary care under the circumstances. As to the first part of this test, there can be no question but that a manhole cover, protruding 6 inches above the street level, would be unusually hazardous to an automobile which struck it at even slow city speeds. It is readily foreseeable that a motorist striking such an obstacle might lose control of his vehicle or that the mere striking thereof might be sufficiently violent to cause personal injuries to the motorist. As to the second part of the test, a motorist using ordinary care has a right to presume that the street is free of any unusual hazards and that it is safe for usual and ordinary traffic. Smith v. State Through Department of Highways, La. App., 87 So.2d 380; Carlisle v. Parish of *572 East Baton Rouge, La.App., 114 So.2d 62. Certainly this was an unusual hazard which would not be expected and probably would not be seen by the ordinary motorist using reasonable care as he traveled a graveled city street at night. Hence, we conclude that this was an unusually hazardous and trap-like condition, within the meaning of the above cited jurisprudence.
The next question is whether the municipality had notice, either actual or constructive, of the existence of the defect and failed within a reasonable time to correct it. As quoted above, one of the specific acts of negligence alleged on the part of defendant is "failure to repair the highway when it knew or should have known that the defect existed." The trial judge reasoned that by use of the disjunctive term "or" in this allegation, "it appears that plaintiffs are not able to establish the requisite actual `or' constructive knowledge on the part of the municipal governing bodies." We are unable to follow this line of reasoning. There are cases which state that where allegations of a petition, not pleaded in the alternative, contradict and destroy each other, they will be considered as not pleaded. Continental Supply Co. v. Hoell, 170 La. 898, 129 So. 522; Kirtman v. Upkins, 17 La.App. 96, 135 So. 612; Bourdette v. Burke, 119 La. 478, 44 So. 270. But the facts pleaded here do not contradict and destroy each other. The proof of one does not disprove the other. Both could be true. Plaintiff could introduce evidence that the agents or employees of the city had actual knowledge of the defect and also evidence to show that the defect had existed for a sufficiently long period of time that the city had constructive knowledge. If both are true, or if either is true, plaintiff has stated a cause of action. This case is somewhat similar to Arceneaux v. La. Highway Commission, La.App., 5 So.2d 20, where an allegation, that a defect in the highway could not be seen by the motorist, was held not inconsistent with an allegation that the defect had existed so long the state should have known of it. The court held such allegations were not mutually destructive.
It is our conclusion that if we accept as true all of the well pleaded facts in plaintiff's petition, he has stated a cause of action. Hence, the exception of no cause of action must be overruled.
For the reasons assigned, the judgment appealed is reversed and set aside. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of the lower court to be assessed on termination of proceedings there. All costs of this appeal are assessed against the defendant appellee.
Reversed and remanded.