L. JULIAN SAMUEL, Judge Pro Tern.
This suit results from a June 16, 1982 intersection collision involving two motor vehicles, one driven by the defendant, Linda Prince, and the other driven by another defendant, Hughree Brooks, Jr.
Plaintiffs are Mrs. Brooks and her husband. Mrs. Brooks is the mother of the driver of the Brooks vehicle. She was a guest passenger in that vehicle and was injured in the accident. The petition names as defendants: the two drivers, Hanover Insurance Company (as liability and under-insured motorist carrier of the Brooks vehicle) and State Farm Insurance Company (as personal underinsured motorist carrier of the plaintiffs). The petition alleges the collision was caused by the joint negligence of both drivers.
Before the suit was filed, the two plaintiffs executed a document titled “Release Of All Claims” in which, in consideration of $25,000.00 paid them, they compromised, settled and released all their claims against Linda Prince and her insurer, Grinnell Mutual Reinsurance Company. The release does not contain a reservation of plaintiffs rights against the other defendants.
Following the execution of the release and the institution of this suit, Linda Prince filed a motion for summary judgment seeking dismissal of the suit as to her, and Hanover filed two motions for summary judgment, one (filed August 10, 1983) seeking dismissal of the suit as to Hanover in its capacity as alleged underinsured motorist carrier, and the other (filed October 7, 1983) seeking such dismissal in its capacity as alleged liability insurer.
The three motions were granted and there was summary judgment dismissing plaintiffs’ suit as to both Linda Prince and Hanover at plaintiffs’ costs. Plaintiffs have appealed.
THE SUMMARY JUDGMENT DISMISSING LINDA PRINCE
This portion of the judgment must be affirmed for two reasons, each sufficient by itself.
First, the “Release Of All Claims” executed by the plaintiffs in consideration *799 of $25,000.00 paid them fully compromises, settles and releases all their claims against Linda Prince, effectively bringing to an end plaintiffs’ alleged cause of action against that defendant.
Second, plaintiffs do not contend or argue, either in brief or orally, that they continue to have a cause of action against Linda Prince despite the release. To the contrary, they concede the release is valid as to Linda Prince and only contend it does not have the effect of releasing other defendants.
THE SUMMARY JUDGMENT DISMISSING HANOVER AS UNDERIN-SURED MOTORIST CARRIER
While the record does not contain reasons for judgment, this portion thereof appears to be based on Hoefly v. Government Employees Insurance Co., 418 So.2d 575 (La.1982). Hanover relies on that case in this appeal. Hoefly held that tortfeasors and an uninsured motorist carrier are soli-dary debtors and that a timely and properly filed suit against the former interrupted prescription as to the latter. Citing Civil Code Article 2203, Hanover argues that the plaintiffs lost any rights they may have had against it when they executed the release and compromise discharging Linda Prince, Hanover’s solidary co-debtor. Article 2203 provides that the discharge of one of the co-debtors in solido has the effect of discharging all the other solidary co-debtors unless the co-debtor has expressly reserved his right against the other solidary co-debtors.[1]
There have been Court of Appeal cases holding both ways on the question. But the Supreme Court of Louisiana has resolved this issue in the very recent (handed down after the present appeal had been argued and submitted) case of Carona v. State Farm Insurance, 458 So.2d 1275 (1984) (rehearing denied January 4, 1985). This case, which was controlled by the former Article 2203, holds that the release of the solidary co-debtor (the tortfeasor) without the reservation required by Article 2203 does not forfeit a plaintiff’s rights against his uninsured motorist carrier, also a solidary co-debtor, because article 2203 conflicts with and has been superceded by La.R.S. 22:1406(D)(4), of the uninsured motorist statute.
While we do not agree with this reasoning, we are, of course, required to follow the direct holding of a superior court. Accordingly, we reverse this portion of the judgment appealed from.
THE SUMMARY JUDGMENT DISMISSING HANOVER AS LIABILITY INSURER
Our conclusion regarding this portion of the judgment is that we must reverse.
In this court Hanover correctly points to fact that plaintiffs’ petition alleges the sole proximate cause of the accident was the joint negligence of both defendant drivers and that this allegation is not made in the alternative. Accordingly, Hanover argues in brief that the plaintiffs do not:
“_ assert, in the alternative, negligence on the part of either of the drivers, or both, but state that Linda Prince was negligent and, therefore, they are entitled to an underinsured claim against Hanover and that Hughree Brooks, Jr. was negligent, entitling the plaintiffs to sue Hanover in its capacity as the auto liability insurer of Hughree Brooks, Jr.”
Relying on Kinard v. City of Jennings, 184 So.2d 570 (La.App.1966), and Kirtman v. Upkins, 17 La.App. 96, 135 So. 612 (1931), Hanover further argues in brief:
“While it is proper to assert inconsistent or mutually exclusive conclusions of law in the alternative, such allegations contained in the plaintiffs’ lawsuit and not alternatively pleaded contradict and destroy each other. These allegations are considered as not pleaded and, if they *800 form the substance of the case, the Petition will not disclose a cause of action.”
We disagree with these contentions, again for two basic reasons each sufficient by itself.
First, we do not find the allegations complained of are either inconsistent or mutually exclusive. To the contrary, the petition alleges the accident was caused by the joint negligence of both defendant drivers and states in detail the alleged negligent acts of each of those drivers:
Second, whether or not the petition states a cause of action is a matter to be determined on an exception of no cause of action and not on a motion for summary judgment. A defendant cannot use a motion for summary judgment as a substitute for an exception of no cause of action. St. Romain v. Kenny, 454 So.2d 1163 (La.App. 1984). We note that both cases relied on by Hanover, Kinard and Kirtman, are appeals from judgments dismissing plaintiffs’ suits on exceptions of no cause of action.
For the reasons assigned:
(1) That portion of the judgment appealed from which dismisses plaintiffs’ suit as to Linda Prince is affirmed;
(2) That portion of the judgment which dismisses plaintiffs’ suit as to Hanover Insurance Company in its capacity as underinsured motorist insurer is reversed and Hanover’s August 10, 1983 motion for summary judgment is denied;
(3) That portion of the judgment which dismisses plaintiffs’ suit as to Hanover Insurance Company in its capacity as liability insurer is reversed and Hanover’s October 7, 1983 motion for summary judgment is denied;
(4) Except only as to Linda Prince, the matter is remanded for further proceedings in accordance with law and with the views expressed in this opinion; and
(5) Except only as to Linda Prince, all costs are to await a final disposition.
AFFIRMED IN PART: REVERSED IN PART

. Although this reservation requirement has been abolished by Act 331 of 1984, which created the new Article 1803, that act did not become effective until January 1, 1985, and this case is controlled by the former Article 2203.