Judgment in reconvention was rendered in favor of defendant in the sum of $775, and plaintiff appealed to this court.

During the pendency of the appeal, defendant was adjudged a bankrupt.

Under an order of the United States District Court for the Western District of Louisiana, directing the sale of the judgment obtained by defendant, the trustee in bankruptcy sold the judgment to plaintiff at private sale, and said sale was duly approved by the referee.

Under this state of facts, plaintiff has filed a motion to dismiss the appeal in this case. It is our opinion that the motion should prevail, as the judgment, since the appeal, has been acquired by plaintiff, against whom it was rendered in the court below, and has become extinguished by confusion. R. C. C. art. 2217.

It is therefore ordered that the appeal in this case be dismissed, at the cost of appellant.

---

(108 So. 107)

No. 27447.

### DIMITRY v. LEVY et al.

(March 1, 1926. Rehearing Denied March 29, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Libel and slander** ⬤══9(3)—Part of petition purporting to set forth beginning of alleged conspiracy to defraud held relevant to remainder of petition and not libelous.

In action charging attorney with fraud and conspiracy, part of petition purporting to set forth beginning of alleged conspiracy to defraud *held* relevant to main charge and not libelous.

2. **Libel and slander** ⬤══9(3)—Expressing conclusion in pleading as to lawfulness and unlawfulness of act, when facts are stated from which conclusion is drawn is not a libel or slander of a person.

Expression of a conclusion in pleading as to the lawfulness and unlawfulness of an act when the facts are stated from which the conclusion is drawn, is merely an opinion on the state of facts and not a libel or slander of a person.

3. **Libel and slander** ⬤══9(3)—Allegation in petition that attorney engaged in an unlawful private venture held mere conclusion of pleader on facts stated.

Petition in a suit against attorney, charging him with fraud and conspiracy, and that attorney engaged in an unlawful private venture, *held* mere conclusion of pleader upon facts stated.

4. **Libel and slander** ⬤══9(3)—Petition charging attorney upon stated facts with violating barratry statute held conclusion of pleader on facts stated (Rev. St. § 118).

Petition charging that attorney violated barratry statute (Rev. St. § 118), in that he was associated with attorney for absent heirs in an unlawful private venture to locate pretended heirs of decedent, and urging them to litigate will with petitioner, *held* mere conclusion of pleader upon facts stated.

5. **Libel and slander** ⬤══9(3)—Charge in petition that attorney associated himself in unlawful venture to locate pretended heirs of decedent, urging them to litigate will with petitioner, held not to charge attorney with barratry (Rev. St. § 118).

Charge in petition that attorney associated himself in unlawful venture with another to locate pretended heirs of decedent, urging them to litigate will with petitioner, *held* not to charge attorney with barratry (Rev. St. § 118).

6. **Libel and slander** ⬤══6(1).

Neither strong language nor extravagant terms constitute either libel or slander, or add anything to plain import of simple words.

7. **Libel and slander** ⬤══9(3)—Petition charging that attorney associated himself in an unlawful venture to locate pretended heirs and to litigate will in violation of barratry statute and code of ethics, held not libelous (Rev. St. § 118).

Petition alleging that attorney for absent heirs associated himself in an unlawful venture

to locate pretended heirs of deceased, urging them to litigate their claims in violation of barratry statute (Rev. St. § 118), and code of ethics, *held* not libelous.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Action by M. D. Dimitry against J. H. Levy and others. From a judgment dismissing the suit, plaintiff appeals. Judgment affirmed.

Albert P. Garland, of Shreveport, for appellant.

Clifton F. Davis and Joseph H. Levy, both of Shreveport, for appellees.

ST. PAUL, J. On May 8, 1924, Mrs. Marion Beattie (now deceased) through her attorneys, Joseph H. Levy and Clifton F. Davis (who are the defendants here), filed her certain petition in the district court of Caddo parish, in the matter entitled "Mrs. Marion Beattie v. M. D. Dimitry et al.," No. 37509 of the docket of said court; and out of the filing of that petition comes this action for libel.

I.

The petition so filed (and now annexed to the present plaintiff's petition) contains 51 articles, and covers 28 pages of this transcript; but the *substance* thereof, so far as pertinent to the issues involved herein, may be stated in very few words.

Thus: She (Mrs. Beattie) charges that this plaintiff, who is a member of the bar, practicing at Shreveport, entered into a conspiracy with two other members of the bar, and with certain parties "pretending" to be the collateral relations and heirs at law of one Mrs. Florence A. Toombs, then lately deceased at Shreveport, to defraud her (the said Mrs. Beattie) out of the estate of the said Mrs. Toombs, to wit, by pretending that the last will and testament of the said Mrs. Toombs, by which she (Mrs. Beattie) was given the whole estate of some $80,000 (less a legacy of $5,000 to another) was a forgery, and that

she (Mrs. Beattie) had forged it; and that, by means of threats of both civil and criminal proceedings against her, they succeeded in forcing her to compromise with said pretended heirs by giving them her notes for $60,000, secured by mortgage on the property belonging to the estate. Wherefore she prays that the compromise be annulled and the said notes be declared void.

Which petition was duly "verified" by the petitioner in person.

II.

The petition in *this* case represents that *all* the aforesaid charges of conspiracy and fraud aforesaid are *untrue*; but, "because the *other* slanderous charges [to wit, conspiracy and fraud] made in said petition are pertinent to the issues therein presented, he cannot at this time sue for the damages caused him thereby, but he reserves his right to hereafter prosecute his action for damages."

III.

The petition represents, however, that:

"The charges in article 13 of said petition were and are altogether immaterial, irrelevant, and not pertinent to the issues presented in said petition; and are false, slanderous, libelous, and malicious; and were known by the said defendants [Levy and Davis] to be irrelevant, false, and slanderous; and were made by them maliciously for the purpose of embarrassing and prejudicing petitioner in the defense of the other serious charges therein made against him, which he will prove to be false on the trial of that suit."

Which article 13 of said petition is as follows, to wit:

"That although the said E. Barnett, Esq. [one of the other two attorneys], was appointed attorney for absent heirs [in the matter of the succession of Mrs. Toombs], as heretofore stated, he did not himself attempt to locate or trace any of the said heirs as required by law, but on the contrary associated himself *in an unlawful private venture* with one M. D. Dimitry, an attorney at this bar, for the purpose of locating the pretended heirs of the said Mrs. Toombs, urging them to litigate with your petitioner, and for the purpose of entering into a

contract of employment with them to annul and set aside the will of the said Mrs. Toombs; *all in violation of R. S. [1870] 118, which prohibits the fomenting of lawsuits, and also in violation of the code of ethics of the bar of the state of Louisiana, which prohibits the soliciting of business by members of the bar of this state."* (Italics ours.)

## IV.

The petition further charges:

"That said charges in article of said petition [although duly "verified" as aforesaid] were conceived by, and written into said petition by, the said Joseph H. Levy and Clifton F. Davis, acting jointly and in concert, *as their own charges against petitioner,* and for the purpose above mentioned [see paragraph III above] *without any suggestion to that effect by their clients."* (Italics ours.)

The petition further sets forth:

That said charges were widely circulated in the newspapers, and that "petitioner believes, and therefore alleges, that said newspaper articles were inspired, and caused to be printed, by said Levy and Davis for the purpose of injuring petitioner's professional standing and prejudicing his defense of the other serious charges," etc.

Wherefore petitioner prays for judgment in damages against said Levy and said Davis.

## V.

To this petition defendants filed a plea of prematurity, and an exception of no cause of action.

The trial judge overruled the plea of prematurity, but sustained the exception of no cause of action and dismissed the suit.

Plaintiff appealed; and defendants have answered the appeal, praying that the plea of prematurity be sustained, and in the alternative that the judgment be affirmed.

## VI.

We find it unnecessary to consider the plea of prematurity, although it does appear that plaintiff was not a *party defendant* to that suit, notwithstanding that the suit was filed with his name figuring in the title thereof as the main defendant. For whether such title was given to the suit by these defendants, or by their clients, for reasons satisfactory to themselves, or only by the clerk of court through inadvertence, or otherwise (for this does not appear from the transcript), the fact yet remains that, although the petition asked that this plaintiff be *cited* to answer, nevertheless no *judgment,* or other relief whatsoever, was asked for against *him;* so that he was not called upon to *defend* said suit, except in so far as he might judge proper to do so.

But we think the exception of no cause of action well founded.

## VII.

[1-7] Pretermitting the very interesting question whether it is permissible to split up a single libelous instrument, written and published at one time, into as many separate causes of action as there are separate charges contained therein, the fact yet remains that the first part of said article 13 (supra, paragraph III) down to (and excepting) the matter which we have *italicized,* is entirely *relevant* to the rest of the matter set up in the petition as hereinabove condensed (paragraph I); for it purposes to set forth *the beginning* of the alleged conspiracy to defraud, therein complained of. And, as to the matter *italicized,* that part of it reading "in an *unlawful* private venture," is a mere *conclusion* of the pleader (about which there may be much room for difference of opinion); but the forming and expressing of a conclusion as to the *lawfulness or unlawfulness of an act,* when the facts are stated from which that conclusion is drawn, is merely *an opinion upon a state of facts* and is not a libel or slander of a person. And the same may be said of the final *italicized* clause of the article. It was *the conclusion* of the pleader that the facts set forth in the beginning of the article constituted a violation of section 118 of the Revised Statutes of 1870. It is *our* conclusion that they do *not.* That sec-

tion is leveled against the common-law offense of "barratry"—i. e. of being "a common barrator"— and a mere glance at a law dictionary will suffice to show that the *facts* alleged in said article do not come within the definition of barratry. And as for the *canons of ethics* of the bar, *if they go as far as stated* (?), then they border on an altruism entirely beyond the scope of practical men, and no one is *libeled* or *slandered* who is said not to abide by them merely in that respect. For *literally taken* (if they provide as stated) they would prevent a member of the bar from seeking the attorneyship for an individual, firm, or corporation, public or private, or offering his services, even gratuitous, to another, or through another. And for the rest, neither strong language nor extravagant terms constitute either libel or slander, or add anything whatever to the plain import of simple words. Dunn v. Bruat, 99 So. 296, 155 La. 376; Barbre v. Morgan, 103 So. 32, 157 La. 753; Orr v. La. Highway Commission, 106 So. 384, 159 La. 930.

## VIII.

Our conclusion is that article 13, above given, does not libel plaintiff. It was the plain duty of Barnett to search for the heirs of Mrs. Toombs and advise them of their rights, and his plain right to accept employment of them and obtain such assistance as he thought necessary.

At the same time, it is as well not to pass over, as if approving, the use of strong language and extravagant terms by one member of the bar towards another. An attorney should *never* himself indulge, nor permit his clients to indulge, in charges against a fellow member of the bar, unless upon strong proof of misconduct. For members of *all* the learned professions should take heed, not only to drive out of their ranks the unworthy, but with equal zeal to guard as jealously as their own the good name of their fellow practitioners, to the end that the honor and dignity and usefulness of the profession be preserved.

### Decree.

The judgment appealed from is therefore affirmed.