HAMLIN, Justice
(dissenting).
I am of the opinion that the result reached by the Court of Appeal is correct. (156 So.2d 250.)
The advertisement which forms the basis of this suit appears on page 252 of 156 So.2d. In its entirety it contains: (1) a re-publication on March 2, 1962 of excerpts from a news article which had previously appeared in The Times-Picayune; and (2) the voting record of plaintiff as a member of the House of Representatives of the State of Louisiana. They concern plaintiff’s official acts (1) as manager of an airport, and (2) as a member of the state legislature, both public offices.
It is conceded that the previous news article appeared more than ten years before the re-publication of the excerpts on March 2, 1962.
There is no allegation in plaintiff’s petition that the irregularities charged in the report of the State Supervisor of Public Funds were (1) ever withdrawn or retracted, (2) that plaintiff was ever exonerated by the authorities in control and management of the New Orleans Airport, and (3) that he was ever restored to his former position.
Therefore, the allegations of conspiracy to attack plaintiff’s character and reputation for the purpose of misleading the public in the contest for constable when defendants knew the matters contained therein were false and untrue are, in my ópinion, mere conclusions of the pleader. Cf. Dimitry v. Levy, 161 La. 11, 108 So. 107, 109.
The public and defendants were entitled to reasonably assume and believe that the previous publication was reasonably true and correct information as to his official acts as a public officer, making his official acts properly the subject of criticism and the complained about comment thereon privileged, and not actionable at all. Cf. Flanagan v. Nicholson Pub. Co., 137 La. 588, 68 So. 964, L.R.A.1917E, 510; Ken *305 nedy v. Item Co., Limited, 197 La. 1050, 3 So.2d 175, 177.
This is so because the public interest, which is directly involved, is of greater importance than any damage that may be suffered by the candidates. (See authorities cited by the Court of Appeal, 156 So.2d, p. 254.) The advertisement enjoyed the protection of both the doctrines of fair comment and criticism and of privilege.
As to plaintiff’s voting record as a legislator, I also agree with the Court of Appeal that there is nothing legally improper in that portion of the publication which •deals with such record.
I respectfully dissent.