David G. Brown, Appellant,

*v.*

Sam B. Newman and John P. Carter, Appellees.

Jake West, Appellant,

*v.*

Sam B. Newman and John P. Carter, Appellees.

454 S.W.2d 120.

(*Knoxville,* September Term, 1969.)

Opinion filed May 4, 1970.

Joe Guess, Knoxville, for appellants.

H. W. Asquith, Asquith, Ailor & Jones, Knoxville, R. T. Mann, Privette, Mann & Prince, Knoxville, for Sam B. Newman.

George Montgomery, Donaldson, Montgomery & Kennerly, Knoxville, for John P. Carter.

Mr. Special Justice Erby L. Jenkins delivered the opinion of the Court.

These two suits were instituted by David G. Brown and Jake West, hereinafter referred to as the plaintiffs, each for $150,000.00 damages for alleged libelous matter published by the defendants. The defendants demurred to the declarations, and the trial court sustained the demurrers. Plaintiffs have appealed to this Court.

Proposing to build several high-rise apartment buildings in the Kingston Pike-Sequoyah Hills residential area of Knoxville, Tennessee, the plaintiffs attempted to obtain proper zoning regulations so that they could proceed with construction. Hoping to raise a public outcry against the project and thereby block any change in the zoning ordinances, the defendants distributed a pamphlet to area residents urging them to attend the Council meeting and voice their protests.

The front of the pamphlet propounded the question: "Have the 'Skids Been Greased' at City Council?" The pamphlet said that certain real estate operators felt sufficiently secure with the present Council, even to the extent that they had already purchased three residential tracts; and that one of the promoters had boasted to a Kingston Pike area resident, regarding the changing of zoning laws: " 'This Time We Are Going To Ram It Down Your Throats . . . The Skids Are Greased At City Council.' "

The declarations allege that the above statement had only one intention, viz., to imply that the real estate promoters had bribed the City Council and that the Councilmen had accepted the bribe, making both parties guilty of a criminal offense; and that the implications to be derived from the statement are libelous per se.

The defendants demurred to the declaration on the following grounds:

"1. That the declaration does not state a cause of action, there being no basis for either libel per se or libel pro (sic) quod; the pleader having relied only upon injected and unfounded inferences.

"2. That there is a misjoinder of parties, the rule being that an action may not be maintained against two persons jointly where the declaration charges distinct causes of action against the defendants."

The trial court sustained the demurrers upon both grounds and dismissed plaintiffs' suits. We think the judgment of the trial court was correct and should be affirmed.

■ Published matter which imputes to a person the commission of a crime or which has a tendency to injure him in his office, profession, calling or trade is actionable per se, *Venn v. Tennessean Newspapers, Inc.* (M.D.Tenn. 1962), 201 F.Supp.47, affd. (C.A. 6) 313 F.2d 639, cert. den. 374 U.S. 830, 83 S.Ct. 1872, 10 L.Ed.2d 1053, without any allegation and proof of special damages. The plaintiffs contend that the publication involved herein did both—it implied that the plaintiffs bribed city officials, and it was calculated to destroy the public confidence which plaintiffs had spent many years in building. Plaintiffs argue that, at the least, the question as to whether or not they were libeled should have been submitted to the jury.

■ The language complained of is clearly unambiguous, and therefore its meaning and character presented a question of law for the court. *Langford v. Vanderbilt*

*University* (1958), 44 Tenn.App. 694, 318 S.W.2d 568. It cannot be concluded from a perusal of the pamphlet that the matter contained therein is libelous per se. The most reasonable and obvious meaning that can be attributed to the language "the skids are greased at City Council" is that pressure, in the form of political influence, was brought to bear on certain Councilmen in order to expedite matters—not that any Councilmen were bribed. On the other hand, if the language had been "the palms are greased at City Council," then the pamphlet necessarily would have been defamatory per se and actionable as such.

Before a publication, which is not libelous per se, may be actionable it is necessary for the plaintiff to plead and prove special damages resulting from such publication, *Venn v. Tennessean Newspapers, Inc.*, supra; *Fry v. McCord* (1895), 95 Tenn. 678, 33 S.W. 568; *Bank v. Bowdre Bros.* (1893), 92 Tenn. 723, 23 S.W. 131; and in the absence thereof the suit must be dismissed. Plaintiffs' declarations do not explicitly aver any item of special damages nor how they were sustained. The result is that their recovery on the language contained in the pamphlet, which is not libelous per se, must be denied. *Fry v. McCord*, supra.

For the above reasons the judgment of the trial court sustaining the demurrers is affirmed.

DYER, CHIEF JUSTICE, and CRESON, HUMPHREYS, and McCANLESS, JUSTICES, concur.