302 So.2d 59 (1974)
George A. HEFT
v.
William R. BURK, Jr. and Burk & Associates, Inc.
No. 6375.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
Rehearings Denied November 7, 1974.
Writ Refused December 13, 1974.
John E. Jackson, Baldwin J. Allen & John E. Jackson, Jr., John E. Jackson, Jr., New Orleans, for plaintiff-appellant.
Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., New Orleans, for defendants-appellees.
Before REDMANN, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment maintaining an exception of no cause of action to his suit for damages for defamation based upon a letter written to Jefferson Parish and State officials in which defendant charged that plaintiff, a competitive engineer, had attempted to "proselyte employees" and "pirate personnel" from defendant's firm, which practice defendant characterized as unethical.[1]
Plaintiff claims that his good reputation, standing, and statute have been damaged as a result of the writing and publication of this letter. He further alleges that the accusations in the letter were misrepresentations and constituted false and malicious attacks on his personal skill and reputation. According to the plaintiff, the content of the letter is defamatory on its face and libelous per se subjecting him to ridicule and *60 disgrace. The plaintiff further maintains that if the content of the letter is not libelous per se, it is nevertheless libelous when the content of the letter and the extrinsic facts and circumstances surrounding its publication are considered.
Plaintiff contends that Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958), is illustrative of the law applicable to the case at hand. We do not agree.
In Madison, the plaintiff sued the owner of a newspaper after an editorial appeared in the paper insinuating that plaintiff had enriched himself at public expense. The court concluded that the editorial was calculated to produce, by inuendo, insinuation, and misrepresentation of fact, the impression that plaintiff had engaged in wrongdoing. The court stated that the implication was clear when the statement was considered in the context in which it was written. In the instant case, the letter simply does not charge wrongdoing. It is merely an opinion of the writer that one engaging in the practice of hiring personnel from a place of employment is unethical conduct. The words "proselyte" and "pirate" might be considered strong words to describe this practice, but their use does not make the statement defamatory. Nor does the use of the word "unethical", when read in context, make the letter defamatory. In the letter, the defendant stated, "We strenuously object to this practice as being totally unethical." As written, in the defendant's opinion, this practice is unethical. We can perceive no other meaning or insinuation to these words, whether the statement is read alone, or in context with other parts of the letter. The statements, in this instance, simply are not libelous or defamatory.
We find our case similar to Coffee v. Smith, 109 La. 440, 33 So. 554 (1903), and Dimitry v. Levy, 161 La. 11, 108 So. 107 (1926), cited by defendants. In those cases, the court concluded that opinions expressed concerning wrongful conduct were not libelous. In our case, the defendant expressed his opinion that a certain practice, which the plaintiff allegedly engaged in, was unethical. Consistent with the conclusions in Dimitry and Coffee, we fail to find the statement in the instant case defamatory. The exception of no cause of action was properly maintained. The judgment is affirmed.
Affirmed.
NOTES
[1] The content of the letter is as follows:

"Gentlemen:
"This is to inform you that George A. Heft has twice recently attempted to proselyte employees of Burk and Associates.
"We strenuously object to this practice as being totally unethical, and we would appreciate it very much if you would inform Mr. Heft that you also object to such practices between engineering firms working for Jefferson Parish.
"I think it is needless to say that in our experience of over twenty years working for Jefferson Parish with numerous other engineers, among whom we include Fromherz, DeLaureal, Switzer, Krebs, Rene Harris, and others, Mr. Heft is the only one who has attempted to pirate personnel from Burk and Associates.
 "Very truly yours,
 "BURK & ASSOCIATES, INC.
 ENGINEERS.
 "WILLIAM P. BURK, JR.
 PRESIDENT."