GUIDRY, Judge.
MOTION TO DISMISS
The co-defendants-appellees in this matter, Xavier G. Lemond, George H. Robinson, Jr., and Liskow and Lewis, move to dismiss the appeal of the plaintiff, Elton Deville. Mr. Lemond moves to dismiss the appeal as being premature. Messrs. Robinson, and Liskow and Lewis move to dismiss the appeal as being untimely.
The plaintiff instituted this action against several of the defending attorneys of Conoco, Inc. and Triangle Refineries, Inc., alleging that he was defamed by a statement made by the defendants during litigation between the parties in the case captioned “Elton Deville v. Continental Oil Company, et al.”
The allegedly defamatory statement was made in a Joint Memorandum in Support of a Motion to Dismiss and/or Summary Judgment filed on behalf of the defendants. The following is the alleged defamatory statement:
“This suit is another effort by plaintiff to obtain a larger supply of gasoline than that to which he was entitled to for his service station at a price which would give him a competitive advantage over other service station operators in the local market.”
The defendants herein, George H. Robinson, Jr. and Liskow and Lewis, filed a Motion for Summary Judgment contending that the statement made by the defendants was in no way defamatory. The Court granted the motion and gave as its reasons for judgment:
“In the case before the Court, we are faced with a statement presented in a Joint Memorandum in Support of a Motion to Dismiss and/or for Summary Judgment, which the plaintiff alleges in his petition is a defamatory statement. The petition also alleges that many more remarks would be proven in court. The Court, due to the vagueness of the petition, denied a previous Exception of No Cause of Action and Dilatory Exception Requesting a Change of Venue. After further discovery, specifically the deposition of Mr. Deville, the Court finds that the only allegation against the defendants, George H. Robinson and Lis-kow & Lewis, consists of the allegedly defamatory statement found in the Joint Trial Memorandum. The Court, in reviewing this statement, finds that even though the statement seems harsh and caustic to the plaintiff, the statement is not legally de *704 famatory in nature, because the Court does not feel as if the statement in the Joint Trial Memorandum would create a defamatory impression in the minds of the average persons among whom the statement was to circulate.”
The judgment was signed on January 3, 1983.
An identical Motion for Summary Judgment was then filed on behalf of Xavier G. Lemond on January 26, 1983. The motion was granted, the Court adopting the reasons for judgment given in its previous ruling of January 3, 1983. This judgment was rendered on May 3,1983 and signed on June 2, 1983.
Mr. Deville filed his appeals from both judgments on May 5, 1983.
The appellees, Robinson, Liskow & Lewis, have filed a motion to dismiss the appeal as untimely. The judgment in their favor dismissing plaintiff’s claims was signed on January 3, 1983, and notice of said judgment was sent on January 5,1983. Code of Civil Procedure Article 2087 provides:
“Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;”
Mr. Deville’s appeal, having been filed on May 5, 1983 is untimely and hereby dismissed at his costs.
The appellee, Xavier G. Lemond, has filed a Motion to Dismiss Mr. Deville’s appeal on the grounds that the appeal is premature. Code of Civil Procedure Article 1911 provides:
“Except as otherwise provided by law, every final judgment shall be signed by the judge. For the purpose of an appeal as provided in Article 2083, no appeal may be taken from a final judgment until the requirement of this Article has been fulfilled.”
Mr. Deville appealed the judgment granting Mr. Lemond’s Motion for Summary Judgment on May 5, 1983. However, the judgment was not signed until June 2,1983. The appellee contends that Bartlett v. Collector of Revenue, 276 So.2d 748 (3rd Cir. 1973), mandates the dismissal of this appeal. However, the Supreme Court in Palmer v. Wren, 361 So.2d 1206 (La.1978), has held that an appeal, originally premature, is not subject to dismissal if the judgment is later signed and is substantially the same as the judgment orally pronounced, and the appel-lee is given fair notice of the appellant’s intent to appeal, or the granting of the appeal, and of the perfection of the appeal. Inasmuch as those circumstances are present here, we will deny the motion to dismiss filed in behalf of Mr. Lemond.
APPEAL DISMISSED IN PART; MAINTAINED IN PART.