CULPEPPER, Judge Pro Tern.
Elton Deville, plaintiff, brought this defamation action seeking damages for injury to his reputation and business as a result of the appearance of an alleged defamatory allegation in a trial memorandum prepared by defendants, attorneys at law. The trial memorandum was the product of a previously litigated Federal Court case where the defendants herein represented the parties adverse to the plaintiff, Deville. The trial court held, that as a matter of law, the statement was not defamatory and granted summary judgment in favor of defendants. Plaintiff now appeals. We affirm.
Plaintiff owned and operated Triangle Gas of Crowley, a retail gasoline service station. In 1973, plaintiff filed suit in Federal Court against various wholesale gasoline distributors alleging that they discriminated against him by refusing to sell and supply him with necessary amounts of gasoline for his business. Elton Deville v. Continental Oil, Co., et al, No. 78-1120.
The defendants in this instance are the attorneys who represented the defendants in the Federal Court action. Defendants were successful in defeating plaintiffs Federal Court Claim. Plaintiff subsequently filed the instant suit alleging that he was defamed by a statement made and incorporated by defendants in a joint memorandum in support of motion to dismiss and/or for summary judgment, filed in the Federal Court litigation. According to plaintiff, the alleged defamatory language stated:
“This suit is another effort by plaintiff to obtain a larger supply of gasoline than that to which he was entitled to for his service station at a price which would give him a competitive advantage over other service station operators in the local market.”
Defendants, George H. Robinson, Jr. and Liskow and Lewis, filed a motion for summary judgment contending that the statement was not defamatory as a matter of law. The trial court granted the same and dismissed them from the action. In a recent and published opinion we held that plaintiff’s present appeal from this summary judgment was untimely and dismissed the same. 436 So.2d 702. Plaintiffs appeal was maintained in part however as to defendant, Xavier G. Lemond, who was likewise dismissed on a motion for summary judgment in the present action by the trial court following the dismissal of Robinson and Liskow and Lewis. Plaintiff now appeals from the trial court summary judgment dismissing plaintiffs claim against Xavier G. Lemond.
ISSUE
The issue presented on appeal is whether the trial court properly granted Lemond’s motion for summary judgment, holding that as a matter of law the language was not defamatory.
*887 APPLICABLE LAW
The threshold issue in a defamation action is whether the complained of words are defamatory, that is, capable of defamatory meaning. Weatherall v. Dept. of Health & Human Res., 482 So.2d 988 (La. App. 1st Cir.1983); Wattigny v. Lambert, 408 So.2d 1126 (La.App. 3rd Cir.1981). In Wattigny, we define defamatory as:
“A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive him of the benefits of public confidence or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person’s reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate.”
After thorough review and evaluation of the record, we are convinced that the written reasons of the trial judge correctly dispose of the legal issue presented here. Accordingly, we adopt the following pertinent findings and conclusions of law of the trial court as our own:
“In the case before the court, we are faced with a statement presented in a Joint Memorandum in Support of a Motion to Dismiss and/or for Summary Judgment, which the plaintiff alleges in his petition is a defamatory statement. The petition also alleges that many more remarks would be proven in court. The court, due to the vagueness of the petition, denied a previous Exception of No Cause of Action and Dilatory Exception requesting a change of venue. After further discovery, specifically the deposition of Mr. Deville, the court finds that the only allegation against the defendants, George H. Robinson, Jr., and Lis-kow & Lewis, consists of the allegedly defamatory statement found in the Joint Trial Memorandum. The court, in reviewing this statement, finds that even though the statement seemed harsh and caustic to the plaintiff, the statement is not legally defamatory in nature, because the court does not feel as if the statement in the Joint Trial Memorandum would create a defamatory impression in the minds of the average persons among whom this statement was to circulate.”
SUMMARY JUDGMENT
motion for summary judgment should be granted only if “... the plead-pleaddepositions, answers to interrogato-interrogatoand admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976), writ denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976). Only when reasonable minds must inevita-inevitaconcur, as a matter of law, on the facts before the court is a summary judgment warranted, and any doubt is resolved against the granting of a summary judg-judgand in favor of a trial on the merits. Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980).
There is no genuine issue of material fact. The trial judge correctly held Xavier G. Lemond is entitled to summary judgment as a matter of law.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.