493 So.2d 716 (1986)
Lewell V. AUTRY, Plaintiff-Appellant,
v.
Buford Pat WOODALL, Defendant-Appellee.
No. 17997-CA.
Court of Appeal of Louisiana, Second Circuit.
August 20, 1986.
*717 Hunter & Jack by W. Orie Hunter, III, Shreveport, for plaintiff-appellant.
Cook, Yancey, King & Galloway by Sidney E. Cook, Jr., Shreveport, for defendant-appellee.
Before MARVIN, FRED W. JONES, Jr., and SEXTON, JJ.
MARVIN, Judge.
In this action for defamation, Autrey, who is a member of a homeowner's association, appeals a summary judgment in favor of the defendant who is president of the association. Neither defendant nor plaintiff filed any affidavits or other documents supporting or opposing summary judgment.
Autrey contends that summary judgment should not have been granted because a "clear factual dispute" exists as to whether the statements made by the defendant in a letter to the members of the homeowner's association are defamatory as a matter of law.
Summary judgment, unlike the exception of no cause of action, is not limited to questioning the legal sufficiency of the factual allegations of the plaintiff's petition, but is founded upon such things as affidavits or depositions which may prove the absence of a dispute as to one or more material facts which are alleged. See B-W Acceptance Corporation v. Clarkson, 154 So.2d 67 (La.App. 4th Cir.1963); Brooks v. Prince, 465 So.2d 797 (La.App. 4th Cir. 1985); Moores Federal Practice § 17.01 (Vol. 2, 1985).
Where neither litigant goes beyond the allegations of the plaintiff's petition in a motion for summary judgment, the issue becomes the legal sufficiency of the allegations (whether a cause of action is alleged). In these procedural circumstances, we find that the statements that were made by defendant in the letter complained of are not legally defamatory and that plaintiff has not alleged facts that state a cause of action. CCP Art. 927. Accordingly, we affirm the judgment dismissing Autrey's action.

FACTS
Autrey became involved in a dispute with the association over repairs to his home which he felt the association should have paid. Autrey twice sued the association, apparently without success. Woodall wrote this letter to the members of the association after the second suit was filed:
 April 19, 1985
Dear Homeowner:
A situation has arisen which we, the Board of Directors, feel is serious enough to inform each of you about it. It is with reluctance that we bring this to your attention since it concerns the actions of another homeowner.
Those of us who attended the special membership meeting in December will recall there was not very much substance to the allegations made by Mr. Lew Autrey against the Board. In fact, he has refused to submit his grievances in writing to the Board as he promised. Most of us came away wondering what the meeting was all about. Well, he has continued in his efforts to cause trouble in the form of two suits against the Board. If you will read the attached letters from the Clerk of Court, you will see that Mr. Autrey does not have to be represented by an attorney, but the Jackson Square Homeowners' Association does! Let's take a look at the cost of his actions:

(1) Rent for room for December
 meeting $ 75.00
(2) Attorney fee to handle the
 attempted illegal takeover
 of the Association 916.75
(3) Attorney fee for first suit 304.00
 __________
 TOTAL COST TO ALL OF
 US SO FAR $1295.75

This is money that was not budgeted. But that is not the only reason we are giving you this information. Mr. Autrey has filed another suit, even after he lost the first one (please read Judge Miller's *718 letter) and he knows neither suit has any merit. This last suit is for repair of a gutter at the end of his patio cover as far as we can tell. All of us know that we don't fix patio covers. The Board has tried to ascertain Mr. Autrey's motives without any success. His actions appear to be vindictive and are expensive to all of us. Under State law, he can continue to sue the Association as long as he wants to, requiring us to incur attorney's fees each time. As it stands right now, he will have cost you and I in excess of $1500.00 by the time this second suit is settled.
He won't talk to us. Maybe he'll listen to you.
For the Board of Directors, I am
Sincerely,
s/Pat Woodall
Pat Woodall
President
Autrey then filed this action seeking damages for the alleged defamation founded upon the letter.
Autrey alleged his dispute with the association over the cost of certain repairs to his residence which he contended were the obligations of the association. He alleged that defendant's letter caused him injury, ridicule, and embarrassment. He argues that the letter cannot be held not defamatory without first allowing him to present evidence showing how his fellow members of the association perceived the letter and its effect upon him.
Defendant contends that the letter merely expresses his opinion of facts which are not disputed by Autrey.
The trial court granted Woodall's motion for summary judgment, apparently finding that the statements were not defamatory as a matter of law.
The issue is whether the quoted letter is legally defamatory. Deville v. Defending Attys. for Continental, 448 So.2d 885 (La. App. 3d Cir.1984); Weatherall v. Department of Health and Human Res., 432 So.2d 988 (La.App. 1st Cir.1983), writ denied; Carter v. Catfish Cabin, 316 So.2d 517 (La.App. 2d Cir.1975).
A statement is defamatory when it tends to expose a person to contempt, hatred, ridicule or obloquy; or which causes a person to be shunned or avoided; or which has a tendency to deprive or injure him in his occupation; and includes almost any language which upon its face has a natural tendency to injure the person's reputation, either generally or with respect to his occupation. The intent and meaning of an alleged defamatory statement must be gathered not only from the words singled out as libelous but from the context as well, and the true meaning must be ascertained from a consideration of all parts of the statement as well as the circumstances of its publication. The test is the effect the article is fairly calculated to produce and the impression it would naturally engender in the minds of the average persons among whom it is intended to circulate.

Brown v. News-World Publishing Corp., 245 So.2d 430, 432 (La.App. 2d Cir.1971)
Opinions based on truth or concerning wrongful conduct are not defamatory. Dimitry v. Levy, 161 La. 11, 108 So. 107 (1926); Coffee v. Smith, 109 La. 440, 33 So. 554 (1903); Foote v. Sarafyan, 432 So.2d 877 (La.App. 4th Cir.1982), writ denied; Heft v. Burk, 302 So.2d 59 (La.App. 4th Cir.1974), writ denied.
In Heft, supra, defendant wrote a letter to parish and state officials accusing plaintiff of attempting to "proselyte" and "pirate" defendant's personnel and of being "unethical." Judgment dismissing the action on an exception of no cause of action was affirmed on the holding that the letter was not defamatory. The court characterized the letter as only an opinion that plaintiff was acting unethically by hiring personnel from other employment.
The defendant's letter, while perhaps uncomplimentary of Autrey, merely expresses defendant's opinion about defendant's conception of the purpose and the effect of plaintiff's lawsuits against the *719 association. Defendant simply states that he does not know Autrey's motives, which appear [to him] to be vindictive. We cannot find that the statements are defamatory. See Heft, Coffee, Dimitry, supra.
The trial court found no genuine issue of material fact and granted a summary judgment in favor of Woodall as a matter of law. CCP Art. 966. We find that the letter is not defamatory as a matter of law and that Autrey has not stated a cause of action. CCP Arts. 927, 934.
At appellant's cost, the judgment dismissing the action is AFFIRMED.
SEXTON, J., concurs.