IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
May 23, 2007 Session

## CHARLES FARMER v. DAVID HERSH

**An Appeal from the Circuit Court for Madison County**
**No. C-04-508     J. S. Daniel, Sr. Judge**

---

**No. W2006-01937-COA-R3-CV - Filed August 9, 2007**

---

This is a defamation case. The defendant owned a minor league baseball team which played for the City of Jackson, Tennessee. In 2002, the plaintiff, the mayor of Jackson, was negotiating with the defendant team owners to purchase the baseball team on behalf of the city. Soon the plaintiff mayor and the defendant owner became embroiled in a lawsuit related to the sale of the team. Two years later, the plaintiff mayor filed the instant lawsuit, alleging that the defendant team owner had defamed him by telling the media that the mayor was attempting to "steal" the team. After some discovery, the defendant team owner filed a motion to dismiss for failure to state a claim. At the hearing on the motion, the trial court noted that matters outside the complaint had been submitted to the court, and it therefore treated the motion as one for summary judgment. The trial court granted the motion, concluding that the statement allegedly made by the defendant team owner was not defamatory, and that the plaintiff mayor had not presented sufficient proof of damages. The plaintiff mayor now appeals. We affirm, concluding that the statement allegedly made is mere hyperbole and not defamatory as a matter of law.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, J., and DAVID R. FARMER, J., joined.

Lewis L. Cobb, Jackson, Tennessee, for the appellant, Charles Farmer.

C. Barry Ward, Ashlee B. Ellis, and Randall J. Fishman, Memphis, Tennessee, for the appellee, David Hersh.

## OPINION

Plaintiff/Appellant Charles Farmer ("Farmer") has served as the Mayor of Jackson, Tennessee, at all times relevant to this dispute.[1] Defendant/Appellee David Hersh is the President and principal shareholder of Professional Sports and Entertainment Association of Tennessee, Inc. This corporation is the general partner of Professional Sports and Entertainment Association of Tennessee, L.P. ("PSET"). Between 1996 and 2002, PSET was the owner of the West Tennessee Diamond Jaxx, a Class "AA" minor league baseball team ("the Team") affiliated with the Southern League of Professional Baseball Clubs, Inc. Both Hersh and Farmer played integral roles in relocating the Team from Memphis to Jackson in 1996. Hersh and Farmer worked together closely while Hersh and/or PSET operated the Team in Jackson until PSET sold the Team in 2002.

Apparently the contracts between the City of Jackson ("City") and the Team's owners address the City's option to purchase the Team from PSET under certain circumstances. In connection with these agreements, in September 2002, the City and Farmer, in his official capacity as Mayor, filed a lawsuit against Hersh and PSET in the Madison County Chancery Court, docket number 60282 ("chancery court lawsuit"), alleging breach of contract and other theories of recovery in connection with the ownership of the Team. Hersh and PSET filed counterclaims and third-party complaints against the City. The substance of the chancery court lawsuit is not relevant to the issues in this appeal. Suffice it to say, the proceedings in the chancery court lawsuit were highly contentious.

On December 7, 2004, Farmer, acting *pro se*, filed this defamation lawsuit against Hersh. The complaint alleged that Hersh falsely accused Farmer of trying to "steal" the Team from its owners:

> 10. Within six (6) months of the filing of this Complaint, Hersh knowingly and repeatedly made false representations about Farmer's intentions with respect to the Team. Specifically, Hersh represented to the media and others that Farmer attempted to 'steal' the Team from Hersh and/or PSET, L.P.

Farmer's complaint asserted that Hersh knew of the falsity of his statement or acted with reckless disregard for its falsity, and that he made the statement with the intent to harm Farmer's reputation. Hersh answered, denying the allegations, and filed a counterclaim and third-party complaint against Farmer, individually and in his official capacity as the mayor of Jackson. Farmer answered Hersh's counterclaim and third-party complaint, filed a motion to dismiss the third-party complaint, and filed a motion to strike the counterclaim and third-party complaint.

---

[1] Farmer is a licensed attorney, and he represented himself during most of the proceedings below. The record indicates that Farmer retained counsel for certain matters, but eventually took over the case and represented himself through the grant of Hersh's motion to dismiss.

Later, on May 2, 2005, Hersh filed a motion to dismiss for failure to state a claim upon which relief could be granted, pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure. Among other things, Hersh argued that, even if he had made the statement as alleged in Farmer's complaint, the statement was not defamatory as a matter of law. After that, both parties engaged in discovery. The discovery included Farmer's video deposition on August 11, 2005, and Hersh's deposition the next day. Hersh's deposition was truncated; counsel for Hersh suspended the deposition after two and a half hours of questioning by Farmer on the basis that Farmer's questions of Hersh were related only to the chancery court lawsuit, not the instant defamation lawsuit. Farmer filed a motion to compel and for sanctions related to the suspension of Hersh's deposition. On August 26, 2005, Farmer filed another motion for sanctions against Hersh pursuant to Rule 11 of the Tennessee Rules of Civil Procedure; this second motion for sanctions related to Hersh's counterclaim and third-party complaint.[2]

On September 19, 2005, Farmer filed a motion for leave to file an amended complaint to clarify certain allegations that were addressed in Hersh's motion to dismiss. The complaint, as Farmer sought to amend it, repeated the key allegation in the original complaint, that Hersh falsely represented to the media and others that Farmer attempted to "steal" the Team from Hersh and/or PSET, but added other explanatory statements.[3] On November 7, 2005, Farmer filed a "Memorandum Concerning All Motions Before the Court." Farmer's memorandum cited eight motions that the parties had filed which had not yet been adjudicated, including Farmer's motion to compel discovery, Farmer's motion for Rule 11 sanctions, Farmer's motion for leave to file the amended complaint, and Hersh's motion to dismiss. Among other things, Farmer's memorandum asserted that the motions he had filed were ripe for adjudication, but that Hersh's motion to dismiss was not ripe because Farmer had sufficiently pled his allegations but had been denied discovery. He claimed that "[q]uestions of damages and the meaning to be imputed from [Hersh's] use of the word 'steal' are jury questions." (Emphasis in original.)

On January 18, 2006, Judge Donald H. Allen entered an order of recusal, determining that no Jackson judge should hear the case. On February 9, 2006, the Honorable J. S. Daniel, Senior Judge, was appointed to hear the case.

On March 8, 2006, the trial court conducted a hearing on Hersh's motion to dismiss for failure to state a claim. The record on appeal does not include a transcript of that hearing. On April 13, 2006, the trial court entered an order on Hersh's motion. The trial court explained in its order that, because Hersh's motion to dismiss was supplemented by memoranda, exhibits, and depositions by the consent of both parties, the court had decided to treat Hersh's Rule 12 motion as a Rule 56 motion for summary judgment. Considering the entire file as supplemented, the trial court found that "the statement allegedly made by [Hersh] is not a defamatory statement in accordance with *Kelly v.*

---

[2]In August 2005, Hersh filed a voluntary nonsuit as to his counterclaim and third-party complaint.

[3]The amended complaint acknowledged that any defamatory remarks made during the course of legal proceedings would not be actionable, asserting that "repeated libelous and slanderous allegations against [Farmer] which, except for judicial immunity, would be actionable."

*Tomlinson . . .* and *McCluen v. Roane County Times, Inc.*, 936 S.W.2d 936 (Tenn. Ct. App. 1996)." The trial court also found that Farmer had failed to submit any evidence of damages resulting from the allegedly defamatory statement. Based on these findings and its determination that no issues of material fact existed for the jury's consideration, the trial court granted summary judgment in favor of Hersh. Farmer filed a motion to alter or amend the trial court's decision claiming, among other things, that he was not given proper notice that Hersh's motion to dismiss would be considered as a summary judgment motion. On August 8, 2006, the trial court entered an order denying Farmer's motion to alter or amend. Farmer now appeals.

On appeal, Farmer argues that the trial court erred in permitting Hersh to convert his motion to dismiss into one for summary judgment without enforcing the procedural requirements set out in Rule 56. He claimed that, at the time Hersh's motion was heard, he had not yet completed discovery, and that he should have had the opportunity to do so before consideration of a summary judgment motion. Farmer further argues that, even if the trial court's consideration of Hersh's motion as one for summary judgment was proper, the trial court erred in granting summary judgment in favor of Hersh.

Whether the trial court erred in treating Hersh's motion to dismiss as one for summary judgment is a question of law subject to *de novo* review with no presumption of correctness in the trial court's decision. The trial court's grant of summary judgment is also reviewed *de novo* with no presumption of correctness. **Warren v. Estate of Kirk**, 954 S.W.2d 722, 723 (Tenn. 1997). Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04. We must view the evidence in a light most favorable to the nonmoving party, giving that party the benefit of all reasonable inferences. **Warren**, 954 S.W.2d at 723 (quoting **Bain v. Wells**, 936 S.W.2d 618, 622 (Tenn. 1997)). Once the moving party demonstrates that no genuine issues of material fact exist, the non-moving party must demonstrate, by affidavits or otherwise, that a disputed issue of material fact exists for trial. **Byrd v. Hall**, 847 S.W.2d 208, 211 (Tenn. 1993).

Farmer first argues that the trial court erred in treating Hersh's motion to dismiss as a motion for summary judgment without giving him fair notice that the motion would be treated as such. In its final order, the trial court explained its reason for treating Hersh's motion as one for summary judgment, noting that the motion to dismiss had "been supplemented by memorandums, exhibits and depositions by consent of both parties such that it should be disposed of as a Rule 56 Motion for Summary Judgment, Tenn. R. Civ. P."

Treating a Rule 12 motion to dismiss as a Rule 56 motion for summary judgment under these circumstances is authorized by Rule 12.02, which provides in pertinent part:

> If, on a motion . . . to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided

in Rule 56, and ***all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56***.

Tenn. R. Civ. P. 12.02 (emphasis added). Thus, under the rule, a motion to dismiss *must* be treated as a motion for summary judgment when matters outside the complaint are submitted and are not excluded by the court, provided that all parties are given a "reasonable opportunity" to present all relevant material. The failure to comply with the specifics of Rule 56, such as the requirement of filing a statement of undisputed facts, is rendered harmless if the record shows that the nonmoving party could not have remedied a defect that is fatal to his cause of action. ***See Brick Church Transmission v. S. Pilot Ins. Co.***, 140 S.W.3d 324, 329 (Tenn. Ct. App. 2003).

On appeal, Farmer argues that he was "ambushed" at the hearing on Hersh's motion to dismiss because he was given no advance notice that the motion would be treated as one for summary judgment. He claims that he was not given a "reasonable opportunity" to present all material relevant to the motion for summary judgment, as mandated under Rule 12.02. Farmer notes specifically that he had filed a motion to compel the continuation of Hersh's deposition, but his motion had not yet been resolved by the trial court. The evidence obtained from Hersh's deposition, he argues, would have been sufficient to create a genuine issue of material fact regarding his defamation claim. Farmer also claims that he had not completed his discovery on the issue of damages, and that the premature grant of summary judgment in favor of Hersh deprived him of the opportunity to do so.

In this case, it is undisputed that both parties submitted matters outside the complaint for the trial court's consideration in deciding Hersh's motion to dismiss. The items submitted by the parties were not excluded by the trial court. Under these circumstances, the trial court was not only authorized to treat the motion as one for summary judgment, it was required to do so under Rule 12.02. Nevertheless, Farmer contends on appeal that he was given no notice of the trial court's decision to treat Hersh's motion as one for summary judgment, and that he was precluded from gathering additional evidence through discovery. Had he been permitted to do so, he contends, the trial court would not have granted Hersh's motion. Thus, he contends, the trial court erred in not giving him a "reasonable opportunity to present all material made pertinent to [Hersh's] motion by Rule 56," as required under Rule 12.02.

As noted above, the failure to permit further discovery is rendered harmless if the fatal defect could not have been remedied by permitting further discovery. ***See Brick Church***, 140 S.W.3d at 329. In this case, the trial court's grant of summary judgment was based on its determination that the statement allegedly made by Hersh was not a defamatory statement, and that Farmer failed to submit evidence of any damages. Putting aside for the time being the issue of damages, no amount of discovery would have shed any light on whether the alleged statement that Farmer attempted to "steal" the Team from Hersh was defamatory. That decision must be made from examining the statement itself, without anything more. Consequently, we examine first the trial court's finding that the allegedly defamatory statement was not defamatory as a matter of law.

In order to establish defamation, Farmer must show that Hersh published a false statement that defamed Farmer. ***Sullivan v. Baptist Memorial Hosp.***, 995 S.W.2d 569, 571 (Tenn. 1999).[4] In any defamation case, the statement at issue must be injurious to the plaintiff's character or reputation. ***Davis v. The Tennessean***, 83 S.W.3d 125, 128 (Tenn. Ct. App. 2001). "The words must reasonably be construable as holding the plaintiff up to public hatred, contempt or ridicule." ***Stones River Motors, Inc. v. Mid-South Publishing Co.***, 651 S.W.2d 713, 720 (Tenn. Ct. App. 1983). Mere hyperbole or exaggerated statements intended to make a point are not actionable defamatory statements. ***See McCluen***, 936 S.W.2d at 941-42.

In ***McCluen***, cited by the trial court, the plaintiff was the county attorney. He sued the defendants, a local publication and its owner/publisher, for defamation based on two published editorial comments. The two comments, in essence, criticized the plaintiff and the other county commissioners for entering into a "sweet-heart deal" with a local business; the defendants apparently felt that the "deal" was not in the best interest of the county. ***See id.*** at 938-39. The defendants' articles also asserted that the plaintiff and the county commissioners, rather than addressing the public's concerns at their budget meeting, entered into "a harangue attacking [the defendant] for telling the truth about them and their deal" with the local business. ***Id.*** at 938. The articles stated that the plaintiff had engaged in "braggadocio swagger and bluster" about suing the defendants, and referred to the defendant and commissioners as a "gang of six" whose activities were reminiscent of "the days of the Nixon White House." ***Id.*** The case went to trial before a jury. At the conclusion of the plaintiff's proof, the trial court directed a verdict in favor of the defendants, finding that the statements in the articles were not defamatory. The plaintiff county attorney appealed. The appellate court affirmed the trial court's decision. The ***McCluen*** court determined that the defendants' characterizations of the plaintiff and the county commissioners were permissible hyperbole, such as those documented in ***Stones River Motors***, *supra*. It cited the holding in ***Stones River Motors*** that comments that someone committed "pure highway robbery" or "ripped-off" another did not constitute actionable defamation, but were mere hyperbole. The ***McCluen*** court also cited numerous illustrative cases from other jurisdictions:

> The comments and characterizations involved here, such as "pure highway robbery" and "rip-off," fit precisely the rationale of [*Greenbelt Cooperative Publishing Ass'n, Inc. v. Bresler*, 398 U.S. 6 (1970)], [*Old Dominion Branch No. 496 v. Austin*, 418 U.S. 264 (1974)] and § 566 of the Restatement. These are clearly characterizations of the facts set forth in the letter, and do not imply the existence of undisclosed defamatory facts. Thus, these authorities are controlling. *See also Orr v. Argus-Press Co.*, 586 F.2d 1108 (6th Cir. 1978) (use of the word "swindle" to characterize the plaintiff's violation of Michigan's Blue Sky law, while "ill chosen" held not actionable); *Fram v. Yellow Cab Co. of Pittsburgh*, 380 F. Supp. 1314, 1329 (W.D. Pa. 1974) (statement that the plaintiff's previous statements reflect "the sort of paranoid thinking that you get

---

[4]Because Farmer, as the City's Mayor, is a public figure, he was also required to prove that Hersh acted with malice, i.e., that he knew the statement to be false or acted with reckless disregard for its falsity. ***See Press, Inc. v. Verran***, 569 S.W.2d 435, 441 (Tenn. 1978).

from a schizophrenic" held not actionable, because it would be understood as mere "rhetorical hyperbole"); *Reoux v. Glenn [Glens] Falls Post Co.*, 18 Misc.2d 1097, 190 N.Y.S.2d 598, 600-01 (N.Y. Sup. Ct. 1959) (statement that plaintiff's refusal to tell a court the whereabouts of certain money was "contumacious conduct" was not actionable, because it simply expressed an opinion that the plaintiff was "stubborn or contrary or obstinate or disobedient"); *Schy v. Hearst Pub. Co.*, 205 F.2d 750 (7th Cir. 1953) (charging the plaintiffs with "gestapo-like" tactics not actionable, because it was merely "a somewhat rhetorical way of saying that their conduct was dictatorial"); *Bleecker v. Drury*, 149 F.2d 770 (2nd Cir. 1945) (statement that a lawyer had committed "a fraud upon the court" was merely a "bombastic characterization of the plaintiff's maneuvers" in representing his client, and was not actionable as libel); *Williams v. Rutherford Freight Lines, Inc.*, 10 N.C. App. 384, 179 S.E.2d 319, 323 (N.C. App. 1971) (statement in the course of a labor dispute that the plaintiffs were "gangsters" is "nothing more than vituperation or name calling" and is not actionable); *Heft v. Burk*, 302 So.2d 59, 60 (La. App. 1974) (statement that the plaintiff was "pirating" employees away from the defendant and that his actions were "totally unethical" merely expressed the defendant's strong opinion concerning the plaintiff's attempts to hire employees away from him, and were not actionable); *Brown v. Newman*, 224 Tenn. (2 Pack.) 297, 454 S.W.2d 120 (1970) (statement "have the skids been greased at city council?" not actionable).

***Stone River Motors***, 651 S.W.2d at 722, ***quoted in McCluen***, 936 S.W.2d at 941.

In this case, Farmer's complaint asserts that Hersh defamed him by saying that "Farmer attempted to 'steal' the Team from Hersh." This is an obvious exaggeration intended to emphasize that Farmer wanted to purchase the team for far less than what Hersh considered to be fair market value. This statement is similar to an assertion that Farmer was "swindling," "ripping-off," or "pirating" the Team from Hersh. In this context, such terminology can only be characterized as "mere hyperbole"or a figure of speech used to make a point. Therefore, assuming the truth of Farmer's allegation that Hersh "represented to the media and others that Farmer attempted to 'steal' the team from Hersh," we find that such a statement constituted non-actionable, permissible hyperbole and was not defamatory as a matter of law. ***See McCluen***, 936 S.W.2d at 941. This holding pretermits all other issues raised in this appeal, and we conclude that the trial court did not err in granting summary judgment in favor of Hersh.

The decision of the trial court is affirmed. Costs on appeal are taxed to Appellant Charles Farmer and his surety, for which execution may issue, if necessary.

_____
HOLLY M. KIRBY, JUDGE
